### B. C. SINE v. THE STATE.

No. 5516.  Decided November 12, 1919.

**1.—Aggravated Assault—Other Offenses.**

Where, upon trial of aggravated assault upon a female child by indecently fondling her person, the court permitted the introduction of testimony of a different and separate offense upon another child than that named in the indictment and at a different time and place, the same was reversible error.

**2.—Same—Evidence—Obscene Pictures—Other Transactions.**

Where upon trial of aggravated assault upon a female infant, the evidence showed that the defendant enticed said child into his dwelling house and there indecently fondled her person, and exhibited to her some obscene pictures, the State should not have been permitted to introduce testimony to the effect that on various occasions, in no way connected with the one upon which the prosecution was founded, the defendant had exhibited obscene pictures, although a predicate was laid therefor.

Appeal from the County Court of Tarrant. Tried below before the Hon. Hugh L. Small, judge.

Appeal from a conviction of aggravated assault; penalty two years imprisonment in the county jail.

The opinion states the case.

*Mays & Mays*, for appellant.—On question of other offenses: Denton v. State, 42 Texas Crim. Rep., 427; Herndon v. State, 50 id., 552; Curtis v. State, 52 id., 606; Gardner v. State, 55 id., 400; Monroe v. State, 56 id., 444.

On question of introducing other obscene pictures: Newcomb v. State, 95 S. W. Rep., 1048; Willis v. State, 90 S. W. Rep., 1100; Long v. State. 39 Texas Crim. Rep., 537; Jennings v. State, 60 Texas Crim. Rep., 421, 132 S. W. Rep., 473; Evans v. State, 76 Texas Crim. Rep., 56, 172 S. W. Rep., 795.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant is under conviction for aggravated assault, and his punishment fixed at confinement in the county jail for two years. The assault was alleged to have been committed by appellant, an adult male, upon Pharaline Kennedy, a female child. The State's case rests mainly upon the testimony of the injured party,

a girl nine years of age, who testified that appellant enticed her into his dwelling house and fondled her person. She also testified that at the same time he exhibited to her some obscene pictures. The appellant's entire testimony on direct examination was in substance that he was a married man, forty-eight years of age, that he had no children, that he had played with different children in the neighborhood in which he lived, but had no relations of any kind with the prosecuting witness, made no assault upon her of any kind. The State proved by another little girl, Mary Fields, that the appellant had on one occasion fondled her person, the facts disclosed by her showing, if true that he was guilty of an aggravated assault. There are several bills of exception relating to this evidence, and in our opinion it should not have been admitted. It tended to prove a different and separate offense upon another person than that named in the indictment, at a different time, and there is no fact or circumstance disclosed which brings it within any of the exceptions to the rule which excludes extraneous crimes.

The State, by several witnesses, introduced testimony to the effect that on various occasions, in no way connected with the one upon which the prosecution was founded, the appellant had exhibited to them obscene pictures. The State, on cross-examination of the appellant laid a predicate for the introduction of this evidence, which predicate was laid over the objection of the appellant. No objection was made to the proof by the State that the appellant exhibited obscene pictures to the prosecutrix at the time of the alleged offense. An objection to this, we think, would not have been tenable for the reason it went to show intent and was a part of the *res gestae;* and doubtless if the appellant had made an issue about, it would have been permissible for the State to prove by circumstances or by direct testimony that at the time or about the time of the alleged offense, he was in possession of such obscene pictures. We think, however, in laying the predicate to prove that on various occasions remote from the time of the occurrence upon which the prosecution was founded he exhibited obscene pictures to other girls, and in contradicting his denial of these transactions, the State was infringing the rule against impeachment of a witness upon an immaterial issue.

Because of the errors pointed out, a reversal of the judgment of the trial is ordered and the cause remanded.

*Reversed and remanded.*