### RUDOLF VANA v. THE STATE.

No. 7261.   Decided January 10, 1923.

**Aggravated Assault—Evidence—Other Offenses.**

Where, upon trial of aggravated assault by indecently fondling the person of a female child, the State was permitted to introduce evidence that defendant had been guilty of other indecent conduct in the presence of another female child, and made vulgar remarks in the presence of another one, all of which was in no way connected with the offense for which defendant was being tried, the same was reversible error. Following Sine v. State, 86 Texas Crim. Rep., 221.

Appeal from the County Court of Cameron. Tried below before the Honorable O. C. Dancy.

Appeal from a conviction of aggravated assault; penalty, a fine of $200 and sixty days confinement in the county jail.

The opinion states the case.

*Seabury, George & Taylor,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for aggravated assault; punishment fixed at a fine of $250 and confinement in the county jail for a period of sixty days.

The State's theory and evidence is that the appellant, an adult male, fondled the person of Mary Louise McCollum, a female child. The State's case was controverted by the appellant through his testimony

and that of other witnesses. The verdict of the jury, however, settling the conflict in behalf of the State, is conclusive upon this court.

In two bills of exceptions complaint is made of the receipt in evidence, over the appellant's objection, of testimony to the effect that the appellant, at another time, had made vulgar remarks in the presence of a little girl named Josephine Torres, and that he had been guilty of indecent conduct in the presence of another female child by the name of Rachel Lopez. This testimony was also controverted. The appellant's objection to its introduction should have been sustained. The evidence related to other transactions, was discrediting to the appellant, and was in no way connected with the offense for which he was on trial, nor was it rendered relevant under any of the exceptions to the general rule which excludes evidence of that character. The principle and authorities mentioned in the case of Sine v. State, 86 Texas Crim. Rep., 221, should control the disposition of this one.

· Because of the· error mentioned, the judgment is reversed and the cause remanded.

*Reversed· and remanded.*