# DALLAS TERM, 1905.

## T. G. HARDIN v. THE STATE.

### No. 3089.  Decided January 11, 1905.

**1.—Aggravated Assault—Requested Charge—Deadly Weapon—Pistol.**

Where the evidence showed that defendant struck prosecutor with a pistol one blow, and there was a conflict of testimony whether he pointed and snapped it at him, the court should have submitted defendant's requested charge as to whether the pistol was a deadly weapon from the manner of its use.

**2.—Same—Lien in Favor of Boarding-House Keepers and Hotels.**

Our statute gives a lien on personal property in favor of hotel and boarding-house keepers, but not in favor of lodging-house keepers.

Appeal from the County Court of Tarrant.  Tried below before Hon. R. F. Milam.

Appeal from a conviction of aggravated assault; penalty, a fine of $50. The opinion states the case.

*Simmons & Clendennen,* for appellant.—On question of deadly weapon: Killman v. State, 2 Texas Crim. App., 222; Hobbs v. State, 7 Texas Crim. App., 117; Sparks v. State, 23 Id., 447.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of an aggravated assault, his punishment fixed at a fine of $50; and appeals. The State's case shows that the prosecutor had rented a room from Mrs. Morris, sister of appellant; and that he lived there at the time; that prosecutor desired to change his rooming place, went to the home of Mrs. Morris to get his trunk and other articles belonging to him, when she informed him that he could not get them until he paid her the balance of $6.10, which she claimed was due her on account of the rent of said room. Prosecutor made an effort to get in the room; Mrs. Morris interfered and prevented him from doing so. She subsequently left, going in search of an officer, and met appellant, her brother, and told him what had occurred, and that prosecutor had abused her. Appellant came to the house, went to his room, got a pistol, came down stairs, assaulted prosecutor in the hall, striking him on the head once with the pistol; prosecutor halloaed, and appellant desisted from further assaulting him. The lick made a small knot or bruise on prosecutor's head. There was also testimony on the part of the State showing that appellant snapped the pistol at prosecutor. This was denied by appellant. The evidence of the aggravated assault was that the pistol was a deadly weapon.

It seems that the court failed to give any charge to the jury, either

verbally or in writing.  Appellant requested the court to give certain written instructions which he prepared and presented to the court, but which were refused.  Among other things, appellant requested the court to instruct the jury as follows:  "You are instructed that a pistol is not necessarily a deadly weapon, and that whether it is such or not depends upon the manner of its use.  Now, unless you find and believe from the evidence beyond a reasonable doubt that the pistol with which the defendant struck prosecutor, if you find that he did strike him, was an instrument reasonably calculated and likely to produce death or serious bodily injury, from the manner in which it was used, then you will find the defendant not guilty of an aggravated assault."  Under the facts of this case, we believe this was the law, and the court should have accordingly instructed the jury.  True, if appellant attempted to shoot prosecutor and snapped the pistol at him, this might constitute the pistol a deadly weapon: assuming it was loaded, and there was no evidence to the contrary.  But this was a controverted fact.  Appellant's testimony merely shows that he struck prosecutor one lick with his pistol, and desisted as soon as he refrained from a demonstration against him.  Evidently, the blow, although it may have caused some pain, was not of a serious character, and of itself did not indicate that the pistol as used was a deadly weapon.  Its size and weight are not shown in the testimony.  Unquestionably the court should have submitted the issue to the jury as to whether or not the pistol as used was a deadly weapon.

Appellant also requested a charge predicated on the idea that his sister had a lien on the property.  We do not agree with this contention.  The evidence does not show that she was a boarding-house keeper, but merely rented rooms to lodgers.  Our statute gives a lien on personal property in favor of hotel and boarding-house keepers, but not in favor of lodging house keepers.  In our view there is a distinction between a boarding-house keeper, and one who keeps a lodging-house.  See definition of boarding-house, Words and Phrases, vol. 1; and definition of lodging-house, 19 Amer. & Eng. Ency. of Law, p. 590.

Because of the error above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*