## W. W. Parker v. The State.

No. 7066.   Decided October 25, 1922.

Murder—Sufficiency of the Evidence.

Where, upon a trial of murder and a conviction of manslaughter, the evidence supported the conviction there is no reversible error.

Appeal from the District Court of San Augustine.   Tried below before the Hon. V. H. Stark.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of San Augustine County of the offense of manslaughter, and his punishment fixed at two years in the penitentiary.

The record is before us without a single bill of exceptions taken either to the charge of the court or to anything that transpired during the trial. The only question here presented for review is the sufficiency of the testimony to support the verdict. This is the second appeal of this case. See 89 Texas Crim. Rep., 555, 232 S. W. Rep., 497.

An examination of the record discloses that on the night of this homicide the sheriff of San Augustine County was killed by one Tony Miller in the store of the latter. Appellant seems to have been a deputy sheriff. He was in a store not very far from the scene of the killing of the sheriff at the time that occurred. He heard of the killing shortly afterwards and went to Miller's store. According to his testimony and that of Judge Wilkerson, Miller, after having killed the sheriff and having surrendered his pistol, made an attack upon Wilkerson with his knife and appellant shot and killed him in defense of Wilkerson against said knife attack. This was the theory of the defense. The theory of the State was that appellant went hastily

to Miller's store after the sheriff was killed, and as soon as he reached the door of the building that he pointed his pistol at Miller, who was on the inside of the house, and shot four times, causing Miller's death.. The homicide from the State's standpoint appeared attributable to that excited condition of mind which in law reduces a killing from murder to manslaughter. A number of witnesses for the State testified that Miller was making no attack upon Wilkerson at the time he was shot by appellant and that the latter fired a pistol from outside the door of said building and at a time when Miller was doing nothing. These conflicts in the evidence were for the jury, and the issues arising from the testimony were so satisfactorily submitted by the trial court as to elicit no objection from appellant's able counsel. The jury having settled the fact issues in the case and their conclusion finding support in the testimony, we are without warrant to do otherwise than to affirm said judgment, and it is so ordered.

*Affirmed.*

[Place under November, 1922. REPORTER.]