ARCH MILLER v. THE STATE.

No. 20903. Delivered May 15, 1940.
Rehearing Denied October 23, 1940.

The opinion states the case.

*David E. Hume,* of Eagle Pass, *Geo. C. Herman,* of Crystal City, and *D. H. Jones,* of Uvalde, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is aggravated assault and battery. The punishment assessed is a fine of $100.00.

The indictment upon which appellant was tried, contains two counts. The first charges that on or about the 24th day of March, 1939, Arch Miller in the County of Zavala and State of Texas, did inflict serious bodily injury upon Q. P. Allen. The second count charged that on or about said date, Arch Miller in said county and state did make an assault upon Q. P. Allen with a deadly weapon by striking him, the said Allen, on the head with a pistol. When the case was called for trial, appellant waived a jury and submitted all questions of fact and law to the court. The trial court decided the issues of fact adversely to appellant's contention and assessed the punishment as above indicated. From this judgment appellant has appealed to this Court. He brings forward two questions for review. The first is that the evidence is insufficient to warrant and sustain his conviction for the offense of aggravated assault and battery. The second is that the court erred in overruling appellant's first application for a continuance. We will discuss these matters in order in which they are presented.

The state's testimony, briefly stated, shows that at the time of the alleged assault, a rodeo was in progress in Crystal City. Appellant had been requested by other rangers to be present on the occasion to assist in the capacity of a peace officer. About the time that the rodeo performance was to start, Q. P. Allen went into the arena, where Prof. Fly turned his watch over to him while Fly took part in the roping contest. About this time appellant walked up to Allen, kicked him and ordered

him out of the arena. When Allen remonstrated, the appellant struck him with a 45-calibre pistol. At this juncture the Sheriff of Frio County and several state patrolmen appeared on the scene, took Allen to a car and then to jail, where he was confined without being given any medical attention until the next day. Dr. Urban, who treated Allen's injuries, testified that he found a lacerated wound on the left side of the head. That he cleaned it and took four stitches in it and sewed it together. That a 45-calibre pistol or six shooter in the hands of a man the size of the appellant ordinarily would inflict that kind of a wound. That such a weapon, wielded by a man of the defendant's strength against the head of another would be considered a deadly weapon; that that character of a weapon, being wielded by a man of Mr. Miller's strength as a bludgeon against the head of another could be a deadly weapon. We quote further from his testimony: "I will say that it is one capable of inflicting a deadly wound. * * I find that a scalp wound can be serious and it cannot be serious. In my professional judgment, that is in my opinion, it was just good luck that it did not result in serious injury. * * It was more serious because it had been neglected than it otherwise would have been."

Appellant testified that he held a ranger's commission and was present at the rodeo. He stated that Allen got in the way of the chute where the calves were let out of the pen. That Mr. Sellers, who could not get Allen out of the way, called for some officer to get "that drunk out." That he walked over to where Allen was and Allen began to curse and abuse him. He then slapped Allen down, but Allen fought back, whereupon appellant drew his pistol to strike him, but it slipped out of his hand and he did not hit Allen with it. A number of the other officers testified that Allen was drunk and that they carried him to jail, but saw no wounds on his head or any blood flowing therefrom. Some of the other witnesses corroborated the appellant. It will be noted that an issue was raised as to whether Allen was drunk, whether appellant struck him with a pistol, and whether a 45-calibre pistol in the hands of a man possessed with the strength of the appellant, was a deadly weapon when used as a bludgeon. The court decided these issues adversely to appellant, and we think that his conclusion is justified by the testimony. A deadly weapon is one which, from the manner of its use, is calculated or likely to produce death or serious bodily injury. Therefore, we would not be justified in holding the evidence insufficient to sustain the conclusion of the court that the pistol, as used in appellant's hands at the time, was a deadly weapon.

We are thoroughly in accord 'with the authorities cited by appellant but do not think they have application to the facts of this case. See Hardin v. State, 47 Tex. Cr. R. 493, 84 S. W. 591, 4 Tex. Jur. p. 870; 8 A. L. R. 1319.

With reference to the court's action in overruling appellant's motion for a continuance and the court's action in overruling appellant's motion for a new trial based thereon, we notice from the motion that the testimony of the absent witnesses would have been but cumulative of the testimony given by some of the other witnesses. The court may have concluded that if their testimony had been before him it would not have changed the result. Consequently, the overruling of said motion presents no reversible error.

All other matters complained of by appellant have been carefully examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

In his motion for rehearing appellant earnestly insists that the evidence is insufficient to support the judgment of conviction.

In view of the fact that the case was tried without the intervention of a jury, the findings of facts by the trial judge are as conclusive on the Court of Criminal appeals as the verdict of a jury. Article 706, C. C. P., reads as follows: "The jury, in all cases, are the exclusive judges of the facts proved, and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence."

Our re-examination of the testimony in the light of appellant's motion for rehearing leaves us of opinion that the testimony of the state was sufficient to support the finding of the trial judge. The question of the credibility of the witnesses is not for us, but was solely for the trial judge. The conflict in

the evidence having been settled by him, and his conclusion finding support in the testimony, we would not be warranted in reversing the judgment. See Parker v. State, 244 S. W. 529. As said in Vana v. State, 246 S. W. 1034, "The verdict of the jury, however, settling the conflict in behalf of the state, is conclusive upon this court." In Williams v. State, 271 S. W. 628, Judge Morrow used language as follows: "The evidence adduced by the state, though controverted, is sufficient to support the verdict, and the solution of the issue by the jury is binding upon this court."

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.