J. F. McCutcheon v. The State.

No. 21110. Delivered June 5. 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

*V. M Toomey* and *King C. Haynie* (on appeal) both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant was charged by complaint and information with the theft of one commode and tank and one wash basin alleged to have been the property of Mrs. Tom B. Turner.

The case was tried before the Hon Frank Williford, Jr., Judge of the County Court of Law No. 2 of Harris County, Texas, without a jury and resulted in a conviction with the punishment assessed at sixty days in jail.

The stolen property was dismantled and taken from a house belonging to Mrs. Gallagher, but which was at the time of the theft under the control, care and management of Mrs. Turner. The latter party discovered that the property was gone Friday or Saturday, about December 8, 1939. She immediately notified Mrs. Gallager, who found the property on the Monday following at the South End Wrecking Company's place of business on Congress Street in Houston. Mr. Mathews was the proprietor of the business mentioned. He testified that on Saturday morning December 9th about seven o'clock appellant came to his place of business and stated that he had started hunting and "stumbled on some second hand fixtures," and wanted to sell them to witness. Appellant told witness he found the things in the weeds, and when they were brought in they had weeds, leaves and grass on them. Later appellant brought to witness' place the things identified by Mrs. Gallager, and at the time also had a water heater and another commode.

At the time appellant sold the property to Mathews he (appellant) gave his name as "Mr. Lee," and so signed his name on the register.

The State relying for a conviction of appellant upon the fact that he was in possession of recently stolen property, it is appellant's position that his explanation made to Mathews of such possession was reasonable and probably true, and would entitle him to an acquittal unless the whole of the evi-

dence shows such explanation to have been false. See Branch's Ann. Tex. P. C., Sec. 2464, 41 Tex. Jur., Sec. 135, p. 218. We recognize the principle invoked by appellant, but taking the case as a whole we think the trial judge was justified in not accepting appellant's explanation as true. The case having been tried by the judge his findings on the facts are the same as if tried by a jury. We quote from Branch's Ann. Tex. P. C. a paragraph of Sec. 2464.

"Proof of possession of property recently stolen will sustain a conviction for theft if there are circumstances in evidence which authorize the jury to disbelieve the explanation of such possession, and when such conviction is approved by the trial judge whose duty it is to set it aside if not satisfied from the evidence that defendant is guilty as charged." See also 41 Tex. Jur., Sec. 139; Nichols v. State, 110 Tex. Cr. R. 432, 10 S. W. (2d) 109 Johnson v. State, 114 Tex. Cr. R. 591, 26 S. W. (2d) 231. In passing upon the probable truth of appellant's explanation as to how he came into possession of the property the trial court was perhaps perplexed as to why—if appellant's explanation was true—he found it advisable to change his name in dealing with said property.

We find no tangible reason for disturbing the conviction.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing appellant seriously contends that we arrived at an erroneous conclusion as disclosed by the original opinion wherein it is stated that appellant changed his name to Lee. He contends that there is no evidence to show that his name was McCutcheon. In order to clear up any misunderstanding relative thereto, we quote from the testimony of Mr. Matthews, a witness called on behalf of the State, as follows: "I am in the plumbing supply business * * * located at 1913 Congress. On or about the 8th of December I saw the gentleman on the left there, Mr. McCutcheon, at my place of business. * * * There was another man with Mr. McCutcheon in the car but I couldn't say who it was; he did not come inside. * * * The first time Mr. McCutcheon come there he come there the first part of the week, on Monday or Tuesday, the 11th or 12th. * * * Mr. McCutcheon brought in a water heater, a toilet and lavatory. There was a tank on the toilet. * * * Mr. McCutcheon signed the register with—I belive it was the name 'Lee.' He

identified himself as Mr. Lee." There is no evidence that he was ever known by both names.

We deem this sufficient evidence upon which to reasonably base the conclusion that the appellant's name was McCutcheon; that when he brought the stolen articles and sold them to the second-hand dealer he changed his name to Lee.

Believing that the case was properly disposed of on the original submission, the appellant's motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.