**T. Eugene SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43103.**

Court of Criminal Appeals of Texas.

Nov. 4, 1970.

———◆———

Del Barber, Colorado City, for appellant.

Stanley Kacir, Dist. Atty. and Bruce Bangert, Asst. Dist. Atty., Belton, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

MORRISON, Judge.

The indictment charged felony theft, alleging that appellant stole twenty-three head of sheep of the value of over $50.00; the punishment, five years.

█ We are met at the outset with the question of whether an indictment such as in this case will support a conviction for ordinary theft under the provisions of Arts. 1421 and 1422 Vernon's Ann.P.C., where the proof shows theft of sheep.

Art. 1420 V.A.P.C. reads as follows:

Theft of certain particular kinds of property, as of a horse, etc., have a punishment affixed differing from the general punishment of the crime of theft; whenever, therefore, the law provides a particular punishment for theft committed in regard to a special kind of property, theft of such property is not included within the law affixing a general penalty to the offense; but in other cases, whenever it is declared to be an offense to steal or otherwise fraudulently appropriate property, the provision is intended to include any and every species of personal property according to its general and broadcast signification.

Art. 1421 V.A.P.C. provides the punishment in ordinary felony theft cases.

Art. 1422 V.A.P.C. provides the punishment in misdemeanor theft cases.

Art. 1423 V.A.P.C. reads as follows:

The two preceding articles do not apply to theft of property from the person nor to *cases of theft of any particular kind of property where the punishment is specially prescribed.*

The Legislature "specially prescribed" the punishment for the theft of sheep by Art. 1442 V.A.P.C. By doing so, they have told the prosecutors and the courts that they may not prosecute the theft of sheep as a misdemeanor. By the same token they have said they may not submit a case to a jury as one of felony theft, the punishment for which is found in Art. 1421, supra, if the property is sheep, the punishment for which is prescribed in Art. 1442, supra.

In his objections to the court's charge, appellant called attention to this principle of law by referring to Art. 1442, supra, as "a special statute involving the theft of sheep or goats." Though his objection could have been more clearly stated, we have concluded that the matter is properly before us.

A conviction under Art. 1421 V.A.P.C. for felony theft cannot be sustained where the indictment charges theft of sheep.

At the time of the enactment of Art. 1442, supra, the punishment for theft of sheep was different from the one prescribed in the general theft statute. The fact the Legislature has now made the penalty the same would not repeal the statute which made it a separate offense.

Because the court erred in refusing to submit one of appellant's requested charges, the facts will be briefly discussed in the event of another trial.

 Appellant and one Jody Hutchings were keeping company. She lived with her children in Mills County and appellant lived on a farm in Coleman County. It is not questioned that she and appellant loaded twenty-three head of sheep, branded J. H., at her place in Mills County and carried them to his place in Coleman County, where they both were apprehended with the sheep still in the pick-up trailer. She testified that she told appellant that they were her sheep and asked him to take them to his place because his grass was better than hers. Appellant also testified that she told him that the sheep were hers and that he believed her. Both of them, together with the arresting officer, testified that when the officers arrived at appellant's farm, she told them that the sheep were hers and that appellant had brought them over to pasture.

The question of whether or not appellant believed Jody was a material affirmative defense and should have been submitted to the jury in the court's charge. Appellant's Special Requested Charge Number One, reads as follows:

You are charged that if you believe that at the time the accused helped load the sheep in his trailer * * * he believed that the sheep were the property of Jody Hutchings, or if you have a reasonable doubt, you will acquit the appellant. * * *"

In Lovern v. State, 128 Tex.Cr.R. 210, 80 S.W.2d 988, this Court quoted, "The charge on this issue pointedly told the jury that if the testimony raised in their minds a reasonable doubt as to whether appellant knew or believed the turkeys to be his, they should acquit him", and held it to be a proper charge.

In Murphy v. State, 130 Tex.Cr.R. 610, 95 S.W.2d 133 this Court reversed a theft case for the failure of the court to submit to the jury appellant's defense that he bought some of the automobile parts which he was accused of stealing. The refusal of appellant's requested charge by the court also constitutes reversible error.

The judgment is reversed and the cause is remanded.