UNITED STATES of America,
Plaintiff-Appellee,

v.

Roger Dean UNDERHILL, Defendant-
Appellant.

No. 72-3583
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 13, 1973.

Rehearing Denied July 24, 1973.

Stephen A. Land, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

PER CURIAM:

Defendant was convicted by a jury on a charge of receiving, concealing, and storing stolen property, the property having been transported in interstate commerce in violation of 18 U.S.C. § 2315. The property consisted of eleven antique firearms, stolen in Texas, and possessed by defendant in Georgia. We affirm.

■ The evidence was sufficient to support the jury verdict under the standard of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1940), which requires us to view the evidence in the light most favorable to the Government.

■ The court's charge as to the inference of knowledge that might be drawn from the unexplained possession of recently stolen property was proper. United States v. Gordon, 421 F.2d 1068 (5th Cir. 1970); Hale v. United States, 410 F.2d 147 (5th Cir. 1969); Thur-

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

mond v. United States, 377 F.2d 448 (5th Cir. 1967). Although the defendant argues that this is a judicially-created "inference without legislative investigation and determination of its factual basis," relying on the reasoning in Commonwealth v. Owens, 441 Pa. 318, 271 A.2d 230 (1970), and United States v. Rispo, 338 F.Supp. 662 (E.D.Pa.1972), *cf*. United States v. Taylor, 334 F.Supp. 1050 (E.D.Pa.1971), the Supreme Court has recently sustained such a charge against constitutional attack. Barnes v. United States, —— U.S. ——, 93 S.Ct. 2357, 37 L.Ed.2d 380 [1973]. Thus, United States v. Cameron, 460 F.2d 1394 (5th Cir. 1972), has been devitalized as a contrary precedent.

In any event, the defendant continued to possess the guns for a month after he was advised by a gun dealer that they were stolen, which would furnish a sufficient evidentiary base for the jury's verdict.

A review of the record reveals that any error that may have occurred in the district attorney's final argument was cured by proper instructions of the trial court.

Affirmed.