**Noel D. GRANT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47657.**

Court of Criminal Appeals of Texas.

March 27, 1974.

Rehearing Denied April 24, 1974.

Billy J. Earley, Nacogdoches, for appellant.

Bill Warren, Dist. Atty., Center, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

The offense is cattle theft, the punishment is confinement in the Texas Department of Corrections for two (2) years.

At the outset appellant challenges the sufficiency of the evidence.

The record reflects that on March 28, 1972, Marcus Powers, the complaining witness, was the owner of an 80 acre tract of land in the Arcadia community of Shelby County, where he was raising 27 head of cattle. At approximately 11 a. m. on the same date, Powers went to the pasture and noticed that one Brahma calf was missing. Without becoming too concerned about its absence since its mother cow was being followed by the bull, the complainant returned home. Upon arriving at the pasture the following morning, Powers was greeted at the gate by the same cow, who was bawling and had a "large bag." Determining that something was wrong with the calf, Powers, with the assistance of his daughter, searched the entire fenced pasture but failed to uncover the animal.

The complainant and his daughter then drove to the auction barn located in Center, where they found the calf, which had been sold for $127.10.

After advising the auction officials of his claim, Powers left and returned with the mother Brahma cow to prove her maternity of the calf. When both animals were isolated in a pen, the nursing Brahma cow accepted her calf, which, according to the testimony regarding the mother instinct of range cattle and especially Brahma cows, substantiated that the calf belonged to Powers. He further testified that he did not give the appellant consent or permission to take his calf.

The record further reflects that on the evening of March 28, 1972, the appellant unloaded the Powers' calf and two other calves at the auction company and registered them in the name of Dale Johnson.

Sue Partin, the bookkeeper for the auction company, testified that, after being instructed not to disburse the proceeds on the sale of the three calves, appellant's wife presented the check-in slip on same and requested payment. At that point, Eddie Rosenberger, a brand inspector for the Texas Southwestern Cattle Raisers Association, approached the appellant's wife and inquired as to her ownership of the calves. Mrs. Grant replied that the calves were hers and that as orphans they were bottle nursed.

Appellant called several witnesses who, all in substance, testified that the appellant had legal access to the Smith tract of land, which was adjacent to the complainant's property. Further testimony from these witnesses revealed that the fence severing the two tracts of land was in need of repair.

Testifying in his own behalf, the 37 year old appellant, who had been in the cattle business most of his life, stated that on the evening prior to the auction sale he drove to the Smith tract and removed two calves he believed to be his. He also loaded a third calf, which was located at his residence. He then drove to Center and registered the calves for the auction. Appellant further testified that, when informed the next day of what had occurred, he contacted Shelby County Sheriff Maxie Eaves and discussed the matter with him. Later, he related he drove to the Smith tract with another person and found his calves.

The State, in rebuttal, called Sheriff Eaves, who testified that he made an investigation of the complaint and performed other "nursing cow experiments" which established ownership of the two other calves in Jewell Jones and Mrs. Frank Wallace, who, in addition to the complainant, did

not give the appellant consent to take their calves.

Further, Sheriff Eaves testified that he could not recall any conversation with the appellant concerning the charge brought against him.

Appellant argues that, although the evidence shows that he was in possession of recently stolen property, no inference or presumption of guilt can arise from this fact since his possession was reasonably explained as a mistake as soon as the matter came to his attention.

While appellant testified he contacted the Sheriff after his wife called him, there is no showing that at such time he made an explanation of his possession of the recently stolen calf.

■ It is the explanation of possession of recently stolen property made at the time an accused is found in possession, and his possession is either directly or circumstantially challenged, or when he is arrested for theft or informed he is suspected of theft, which is controlling and not the explanation made at the time of trial. Bowers v. State, 414 S.W.2d 929 (Tex.Cr.App. 1967) and cases there cited; Morin v. State, 171 Tex.Cr.R. 138, 346 S.W.2d 327 (1961).

■ Further, it was for the jury to determine if the appellant's exonerating statement was reasonable and probably true, and the jury was not required to accept the explanation offered by the appellant. See Bryant v. State, 397 S.W.2d 445 (Tex.Cr.App.1966).

The evidence, we conclude, is sufficient to support the verdict.

■ Next, appellant contends that his conviction is void since he was found guilty for cattle theft under Article 1441, Vernon's Ann.P.C., but was indicted for felony theft under Articles 1410 and 1421, Vernon's Ann.P.C.

The record reflects that the indictment in the instant case was apparently drawn on a general felony theft indictment form containing the additional and unnecessary allegation of the value of the calf stolen. The court submitted the case as one of cattle theft.

Appellant relies upon Article 1423, Vernon's Ann.P.C., and Smith v. State, 458 S.W.2d 923 (Tex.Cr.App.1970), in support of his contention that since the punishment under Article 1441, Vernon's Ann.P.C., is specially prescribed and the same statute regards cattle as a particular kind of property, and indictment under the general felony theft statutes cannot support a conviction for cattle theft.

Appellant's reliance on Smith v. State, supra, is misplaced. In *Smith* the appellant was indicted for the theft of 23 head of sheep of the value of over $50 and the case was submitted to the jury as one of felony theft. There, the court held that a conviction under Article 1421, Vernon's Ann.P.C., for felony theft cannot be sustained where the indictment charges theft of sheep.

The value of the stolen animal is immaterial and was an unnecessary allegation and was surplusage.

Appellant's second ground of error is overruled.

■ In his third ground of error appellant contends that the trial court erred in charging the jury that a mistake of fact must not have arisen from a want of proper care on the part of the defendant and in not charging the jury affirmatively on the issue of intent. In ground of error number four he contends that the court's charge is erroneous because it was a comment on the appellant's evidence, having the effect of rebutting his defense of mistake. No written objections to the charge or written requested charges as required by Articles 36.14, 36.15, Vernon's Ann.C.C.P., can be found in the record  Nothing is

presented for review. Taylor v. State, 489 S.W.2d 890 (Tex.Cr.App.1973); Pendleton v. State, 434 S.W.2d 694 (Tex.Cr.App. 1968). We overrule grounds of error three and four.

 Lastly, appellant complains the State failed to prove venue in Shelby County. First, we observe that, since no issue of the same was made in the court below, it is presumed that venue was proven. Article 44.24, Vernon's Ann.C.C.P.; McCoy v. State, 478 S.W.2d 480 (Tex.Cr. App.1972). Further, we note that the record is replete with references to the fact that the pasture from which the calf was taken was in the Arcadia community of Shelby County. Still further, it is well established that venue need not be proven beyond a reasonable doubt, but only by a preponderance of the evidence.

There being no reversible error, the judgment is affirmed.