**Henry Morgan SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49607.**

Court of Criminal Appeals of Texas.

Feb. 19, 1975.

Ted Hartley and Lee Griffin, Clovis, N. M., for appellant.

Jack Young, Dist. Atty., Muleshoe, Jim D. Vollers, State's Atty., and David S. Mc-Angus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for felony theft; the punishment assessed was imprisonment for four years. The appellant insists that the evidence merely shows he possessed the stolen "friction saw" and that it does not support his conviction for the theft of that saw.

■ Evidence that a defendant had the personal, unexplained possession of property recently stolen is sufficient to raise a presumption or inference of guilt and to sustain his conviction for the theft of that property. See, e. g., Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L. Ed.2d 380 (1973); MacKenna v. State, 164 Tex.Cr.R. 623, 301 S.W.2d 657 (1957); Bowers v. State, 414 S.W.2d 929 (Tex.Cr. App.1967); English v. State, 441 S.W.2d 195 (Tex.Cr.App.1969); Sirabella v. State, 492 S.W.2d 571 (Tex.Cr.App.1973).

■ Evidence that a defendant had the personal possession of property recently stolen is not sufficient to sustain his conviction for the theft of that property if when he was first directly or circumstantially called upon to explain his possession of the property he made a reasonable explanation which is not refuted, showing his honest acquisition of the property. See Davidson v. State, 125 Tex.Cr.R. 518, 69 S.W.2d 97 (1934); 5 Branch's P.C.2d ed. 100, Sec. 2651. Cf. McCutcheon v. State, 140 Tex.Cr.R. 74, 143 S.W.2d 611 (1940).

The appellant says the saw found in his possession was not recently stolen and that he made an explanation of his possession of the saw which would overcome the presumption or inference of guilt arising from his possession of the stolen saw.

On March 10th the appellant was admittedly in possession of a "friction saw" which had been stolen on February 11th, twenty-eight days before. The saw was "four or five feet tall" and weighed "about three hundred pounds." It would have been difficult if not impossible to transport the saw inside of an automobile. When the sheriff of Parmer County first questioned the appellant on March 11th, he said the appellant told him he had found the saw on the edge of the highway between the communities of Bovina and Friona and that he transported the saw in his automobile. The sheriff was also told by the appellant that the burglary and theft committed when the saw was taken were not his "job."

■ Whether stolen property was recently stolen is a question of fact to be determined by the circumstances. 55 Tex. Jur.2d 486, Theft, Sec. 217. Here, twenty-eight days had elapsed between the time the saw was stolen and the time it was found in the possession of the appellant. Numerous cases have held that it was a fact question whether stolen property was recently stolen when over twenty-eight days had elapsed between the theft of the property and the arrest of the party found

in the possession of the property. See Wall v. State, 167 Tex.Cr.R. 634, 322 S. W.2d 641 (1959) (approximately two months); Allen v. State, 97 Tex.Cr.R. 467, 262 S.W. 502 (1924) (approximately two months); Florez v. State, 26 Tex.App. 477, 9 S.W. 772 (1888) (approximately eleven months). See also United States v. Underhill, 483 F.2d 36 (5th Cir. 1973) (more than thirty days).

■ The appellant in this case waived trial by jury and was tried before the court. The court was the trier of the facts, and its finding that the appellant was guilty was an implicit finding that the stolen property was recently stolen. We will not hold as a matter of law that possession of property twenty-eight days after it was stolen is too remote to raise the presumption or inference of guilt, and we see no reason to disturb the trial court's finding.

■ The other question concerning the appellant's explanation of his acquisition and possession of the saw is more difficult. The state argues that it is not relying solely upon the appellant's possession of the saw but that there is other evidence to show the appellant's guilt. The state argues that additional evidence of the appellant's guilt is found in the testimony of the sheriff of Parmer County that the boot tracks and those of semi-mud grip tires which he saw at the place where the saw was stolen were identical to those found on the property of appellant twenty-nine days later. We give this testimony little or no probative value when there were no casts made of the tracks for comparison, and nothing was unique about the tracks which were found—such tracks being common in that area of the state. Cf. Resendez v. State, 495 S.W.2d 934 (Tex.Cr.App.1973); Chambers v. State, 508 S.W.2d 348 (Tex. Cr.App.1974). Neither are we inclined to give weight to the state's claim that the appellant made an oral confession of the theft of the saw to the sheriff of Curry County, New Mexico. As we read that sheriff's testimony, he came to Amarillo and questioned the appellant at his house about property which had been stolen in New Mexico. His testimony was that the appellant admitted taking the property that was stolen in New Mexico, but was not even asked about the saw stolen in Parmer County. The sheriff did testify that while he was searching for the property taken in New Mexico he saw on the appellant's premises the "friction saw."

■ Since we find that there is no other evidence in the record to show the appellant's guilt other than his possession of the recently stolen saw the ultimate question in the case is whether the appellant's explanation of his possession of that saw was reasonable. Whether a party who is accused of possession of stolen property gives a reasonable explanation of its acquisition is a question of fact. Grant v. State, 507 S.W.2d 732 (Tex.Cr.App.1974); Callahan v. State, 502 S.W.2d 3 (Tex.Cr. App.1973); Bryant v. State, 397 S.W.2d 445 (Tex.Cr.App.1966). See also State v. Clark, 438 S.W.2d 277 (Mo.Sup.Ct.1969); Smith v. State, 2 Tenn.Cr.App. 117, 451 S. W.2d 716 (1969); People v. Moore, 130 Ill.App.2d 266, 264 N.E.2d 582 (1970); 52A C.J.S. 691–694 Larceny § 141.

The appellant relies principally on the case of Huff v. State, 492 S.W.2d 532 (Tex.Cr.App.1973), which he says would require the reversal of this case. In that case although the appellant was shown to be in the possession of the recently stolen automobile the state also proved the appellant's explanation made at the time he was arrested that he had purchased the automobile. The state did not refute or prove the falsity of such explanation, and the appellant corroborated his explanation of purchase of the automobile through testimony of another witness who testified she had furnished the appellant money to purchase the automobile and had received a receipt which in the process of moving she had

misplaced. In the *Huff* case the defendant's explanation of his purchase of the automobile was reasonable and was corroborated by other testimony. We do not find Huff v. State, supra, to be controlling of our decision in this case.

■ We find the evidence sufficient to sustain the conviction and affirm the judgment.

Opinion approved by the Court.