Terry Don STARKEY, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–364–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 9, 1982.

See also 647 S.W.2d 350.

**354**

David Aken, Sinton, for appellant.

Joel B. Johnson, Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before NYE, C.J., and UTTER and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

At a trial without a jury, appellant was convicted for two separate offenses of unlawful delivery of methamphetamine. Punishment, enhanced by a prior felony conviction, was assessed at fifteen years for each offense, to be served concurrently. The facts constituting the delivery and sale were not in issue.

Narcotics Agent Bywaters, who was working in his "undercover capacity," testified that the first offense occurred on December 17, 1979, when appellant telephoned him in order to offer methamphetamine for sale. A rendezvous was arranged at which appellant arrived in an automobile with Brenda Robinson and another person; the sale was later completed and money was paid to appellant.

The second offense occurred on the next day, December 18, 1979. Brenda Robinson telephoned Agent Bywaters and told him that appellant had more drugs for sale; again a meeting was arranged at which appellant accepted money for methamphetamine.

In his first ground of error, appellant contends that the trial court erred by not finding that appellant had been entrapped as a matter of law.

Section 8.06 of the Texas Penal Code (Vernon 1974) provides that:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies ... and any person acting in accordance with instructions from such agents.

The State does not contest the fact that Ms. Robinson acted as a law enforcement agent.

Since section 8.06(a) establishes an "objective" test to determine whether entrapment existed, only the nature of the police activity involved will be considered, without regard to the criminal tendencies of the defendant. *Ransom v. State*, 630 S.W.2d 904 (Tex.App.—Amarillo 1982, no pet); *Norman v. State*, 588 S.W.2d 340 (Tex.Cr.App.1979).

To determine the nature of police involvement, we must first consider wheth-

er a peace officer specifically instructed his agent or informant to use an improper procedure to "make a case" against the defendant. Then, in a second area of inquiry, we must examine the general nature of control exercised by the peace officer over his informant. Factors to consider in determining whether an informant is "experienced" include:

(1) the number of cases in which the informant has been involved and their disposition, if available;

(2) the amount and method of compensating the informant;

(3) the working relationship between the peace officer and the informant; and

(4) the nature of the informant's contact with peace officers.

*Rangel v. State,* 585 S.W.2d 695 (Tex.Cr. App.1979).

■ Since appellant has presented no evidence showing that any law enforcement officer specifically instructed Ms. Robinson to use improper procedures to "make a case" against him, he must, in order to establish entrapment under the above guidelines, demonstrate that a law enforcement officer exercised the general nature of control over Ms. Robinson.

Agent Bywaters testified under cross examination by appellant's attorney that Ms. Robinson had contacted his department in order to come to work as an informer; apparently she had been previously indicted and her case was pending disposition. In return, Agent Bywaters agreed to "... speak to the District Attorney in her behalf and let him know what she had done". It was estimated that Ms. Robinson served as an informer from September of 1979 until February of 1980. During this period she "made" "[p]ossibly a half a dozen" cases.

The transactions for which appellant was convicted occurred in December of 1979, no more than about three and a half months after Ms. Robinson began her short-lived career as an informant. The trial record is silent both on how many, if any, cases Ms. Robinson had "made" before the present action, and on what the final dispositions were of any previous cases with which she

might have been involved. The only evidence of the working relationship between Ms. Robinson and Agent Bywaters was that they spoke to one another "numerous times" either in person or on the telephone.

■ The above circumstances confirm that general control was not exercised by law enforcement officers over an "experienced" informant. Appellant has not proved as a matter of law that he was entrapped; therefore, the case was properly submitted to the finder of fact, who found against appellant's contention of entrapment. *Redman v. State,* 533 S.W.2d 29 (Tex.Cr.App.1976); *Jones v. State,* 427 S.W.2d 616 (Tex.Cr.App.1968). Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that "[t]he trial court erred in failing to find that insufficient evidence was presented to negate the defense of entrapment beyond a reasonable doubt."

In ruling on a contention that evidence was insufficient to support a conviction, we would accept the findings of the jury on conflicting testimony and then determine whether there was evidence which justified them in finding that appellant was guilty beyond a reasonable doubt. *Floyd v. State,* 494 S.W.2d 828 (Tex.Cr.App.1973); *Valdez v. State,* 481 S.W.2d 904 (Tex.Cr.App.1972). And in a case tried without a jury, the findings of fact by the trial judge are as conclusive on an appellate court as the verdict of a jury. *Miller v. State,* 140 Tex. Cr.R. 182, 143 S.W.2d 778 (Tex.Cr.App. 1940); *McCutcheon v. State,* 140 Tex.Cr.R. 74, 143 S.W.2d 611 (Tex.Cr.App.1940).

In this case, appellant waived a jury and was tried by the court. The only testimony directly affecting the entrapment defense was offered by appellant and Agent Bywaters; the fact that Ms. Robinson did not testify denied to the fact finder the opportunities to judge her credibility and to inquire more satisfactorily into matters adduced by the witnesses who did appear. There was no evidence of improper activity by law enforcement officers, and the only evidence suggesting inducement by the in-

former was appellant's uncorroborated testimony. The State presented evidence which, if believed, refuted appellant's defense of entrapment. Credibility of the witnesses was therefore crucial.

As stated by the court in *Redman v. State,* 533 S.W.2d 29, supra:

> The evidence on the issue of entrapment was in conflict. The issue was submitted to the jury. The jury chose to reject the testimony of the appellant on the issue of entrapment. That was their prerogative. [citations omitted]

 Similarly, in the case before us, we find that it was the prerogative of the trial court to reject the uncorroborated testimony of the appellant on the issue of entrapment. And an appellate court cannot substitute its judgment concerning the credibility of witnesses for that of the finder of facts. *Corley v. State,* 582 S.W.2d 815, (Tex.Cr.App.1979); *Langford v. State,* 578 S.W.2d 737 (Tex.Cr.App.1979).

Finally, appellant cites *People v. Wisneski,* 96 Mich.App. 299, 292 N.W.2d 196 (Mich.App.1980) and *People v. Tipton,* 68 Ill.App.3d 193, 24 Ill.Dec. 726, 385 N.E.2d 867 (Ill.App.1979) in support of his contention that "[o]ther jurisdictions have recognized the danger posed when relationships are used by State agents to make cases." However, in *Wisneski,* the court found that actually advising their agent to engage in sexual activity with the defendant in order to persuade him to commit the crime of which he was accused was, as a matter of law, intolerable police conduct that instigated the crime. Such practice is, of course, improper.

And in *Tipton* the Illinois court, in determining that entrapment existed, considered not only the "objective" test applied by Texas courts, but also the predisposition of the defendant to engage in criminal activities. Thus, the court considered the defendant's relationship with the informant only for the purpose of showing "that the defendant was not predisposed to commit the crime charged," a consideration which is not applicable to entrapment analysis in Texas.

 Sufficient evidence is shown for the trial court to have properly found (1) against appellant's defense of entrapment beyond a reasonable doubt, and (2) that appellant was guilty of the offenses with which he was charged. Both of appellant's grounds of error are therefore overruled.

The judgment of the trial court is AFFIRMED.