**Affirmed as Modified and Memorandum Opinion filed July 29, 2014.**



**In The**

# Fourteenth Court of Appeals

_____

## NO. 14-12-01085-CR

_____

**TRAVOY RAMON HOLLIE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1326496**

## M E M O R A N D U M   O P I N I O N

Appellant Travoy Ramon Hollie was convicted of felony theft and sentenced to two years' imprisonment. The trial court assessed $434 in court costs. In this appeal, appellant contends the evidence is insufficient to support his conviction and the assessment of court costs. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

On October 12, 2011, Sergeant Cary Richards of the Houston Police Department observed a maroon vehicle stop abruptly in the middle of the street. Sergeant Richards testified that appellant and another man exited the passenger side of the vehicle and ran towards two women walking along the sidewalk.

Richards testified that appellant grabbed one of the women, Latara Pearce, by the arm and tried to force her into the car. The second man stood nearby, acting as a "lookout." Sergeant Richards thought he was witnessing a kidnapping or robbery, so he called on the radio for other officers to come to the scene to assist him. Pearce successfully resisted, and appellant and the other man returned to the car and drove away. After a brief period, the vehicle returned. Appellant and the other man exited the passenger side of the vehicle and, again, appellant attempted to force Pearce into the vehicle. Pearce again resisted, and the men returned to the maroon vehicle and drove away. Testimony at trial indicated that appellant and Pearce were in a romantic relationship at the time of the events.

Two undercover officers, Chaffin and Lombardo, arrived to aid Richards as the maroon vehicle drove away. Richards ordered Chaffin to follow the vehicle and wait for uniformed officers to stop the car.

The record reflects that uniformed officers stopped the vehicle for a seatbelt violation. The officers observed large amounts of personal property scattered in the front and back seats of the vehicle. Based on the amount and types of property, the officers suspected some of the property might be stolen. A search of the vehicle uncovered jewelry, electronics, a foreign coin collection, a credit card belonging to Sue Crozier, a backpack, a camcorder bag, and clothing including a black nylon head cover and two bandanas. Richards testified that the phone of one of the other men in the vehicle contained text messages indicating that the men were

attempting to sell stolen property. Additionally, the officers found pawn receipts in Pearce's name for two laptops. Photographs of the pawn slips, admitted into evidence, indicate that Pearce pawned the laptops within a week before appellant's arrest. The officers arrested appellant at the scene. Appellant did not make any statement claiming or denying ownership of the property.

Lombardo, with help from John Borowski of the Harris County Sheriff's burglary and theft division, launched an investigation into the ownership of the property in the vehicle. Lombardo testified that one Toshiba laptop, four cell phones, jewelry, the camcorder bag, the credit card, and the backpack were stolen from Sue Crozier when her home was burglarized on September 28, 2011, approximately two weeks before appellant's arrest. Testimony showed that the video camera and one phone were taken from Jocelyn Hebert when her home was burglarized on the same day appellant was arrested. Borowski testified that the vehicle in which appellant was a passenger was registered to Pearce. Furthermore, Borowski testified that he interviewed Pearce's mother because Pearce had a known history of pawning goods. Pearce's mother gave Borowski names to "connect to" the stolen property. Borowski testified that at least one of the names matched the names of people in the vehicle in which appellant was a passenger.

### ISSUES AND ANALYSIS

In two issues, appellant contends the evidence is legally insufficient to support his conviction for felony theft and the trial court's imposition of court costs.

## I.     Legal Sufficiency of the Evidence to Support Appellant's Felony-Theft Conviction

### A.     Standard of Review and Applicable Law

When evaluating the legal sufficiency of the evidence to support a criminal

3

conviction, we examine all the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). The jury is the sole judge of the credibility of and weight to be attached to witness testimony. *Id*. When the record supports conflicting inferences, we must presume that the jury resolved the conflicts in favor of the verdict. *Id*. We consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). As long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction, the law does not require that each piece of evidence point directly and independently to the guilt of the appellant. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person commits theft when he unlawfully appropriates property with the intent to deprive the owner of the property. Tex. Penal Code § 31.03(a). A person appropriates property if he acquires or otherwise exercises control over the property. *Id*. § 31.01(4)(B). Appropriation of property is unlawful if it is without the owner's consent, or the property is stolen and a person appropriates the property knowing it was stolen by another. *Id*. § 31.03(b).

If an accused is found in possession of recently stolen property and, at the time of his arrest, fails to make a reasonable explanation showing his honest acquisition of the property, the jury may draw an inference of guilt. *Hardesty v. State*, 656 S.W.2d 73, 76 (Tex. Crim. App. 1983); *Uyamadu v. State*, 359 S.W.3d 753, 760 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). To support an inference of guilt from the sole circumstance of possession of stolen property, the State must first establish that the defendant's possession was personal, recent,

unexplained, and involved a distinct and conscious assertion of right to the property. *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984). Generally, the shorter the interval between the theft and the possession, the stronger the inference, although cases will vary based on factors such as the ease with which the property can be transferred. *Naranjo v. State*, 217 S.W.3d 560, 571 (Tex. App.—San Antonio 2006, no pet.).

## B. Analysis

Appellant asserts that the *Hardesty* inference of guilt could not have been applied in his case because he was merely a passenger in the vehicle and, therefore, the State did not establish his personal possession of the property or his distinct and conscious assertion of right to the property. *See Markham v. State*, 761 S.W.2d 553, 560 (Tex. App.—San Antonio 1988, no pet.). Furthermore, appellant contends that the accused first must be asked about his possession of the property at the time of arrest for a court to hold that an accused's possession was unexplained. *Id.* at 561.

### 1. Possession Was Personal and Involved a Distinct and Conscious Assertion of Right to the Property.

Merely being a passenger in a vehicle where stolen goods are found is not sufficient to allow an inference of guilt. *See Jackson v. State*, 645 S.W.2d 303, 306 (Tex. Crim. App. 1983) (holding that being a passenger in a vehicle alone was not sufficient to show personal possession of, or a distinct and conscious right to, stolen goods). Nevertheless, circumstantial evidence alone can support a permissive inference of personal possession of recently stolen items. *See Louis v. State*, 159 S.W.3d 236, 247 (Tex. App.—Beaumont 2005, pet. ref'd) (noting that an inference of possession was rational when appellant was in close proximity to stolen property).

Here, the record contains evidence showing that appellant was more than a mere passenger in the car in which the stolen property was found. A jury could reasonably infer from the other circumstantial evidence that appellant had personal possession of the stolen property. Some of the property in the car was reported stolen on the same day appellant was arrested. Appellant occupied the car as a passenger, and the car was registered to Pearce. Appellant and Pearce were romantically linked. Evidence showed that Pearce had pawned property and the pawn tickets were found in the vehicle with the stolen property. The pawn tickets were dated within the same week as appellant's arrest. Given this evidence, the jury could reasonably draw an inference that appellant personally possessed the stolen property. *See Clayton*, 235 S.W.3d at 778.

Furthermore, courts have held that a defendant asserts a distinct and conscious right over stolen property if the defendant attempts to sell or pawn the stolen property. *See Patton v. State*, 617 S.W.2d 255, 258 (Tex. Crim. App. [Panel Op.] 1981) (finding that defendant's attempt to sell a stolen car was a distinct and conscious assertion of right to the vehicle); *Rollerson v. State*, 196 S.W.3d 803, 807 (Tex. App.—Texarkana 2006) (holding that attempted sale of stolen property is a distinct and conscious assertion of right to the stolen property), *aff'd*, 227 S.W.3d 718 (Tex. Crim. App. 2007); *Kucjaz v. State*, 848 S.W.2d 284, 289 (Tex. App.—Fort Worth 1993, no pet.) (holding that pawn slips for stolen property were sufficient to show that appellant's personal possession of and distinct assertion of right to the property).

In this case, the jury heard evidence that one of the passengers in the car had sent text messages attempting to set up a sale of stolen goods. Given this evidence, the jury could reasonably infer that appellant and the passengers were attempting to sell the goods either by setting up a direct sale or using Pearce to sell the goods

to a pawn shop. Thus, the State's evidence established appellant's distinct and conscious assertion of right to the property. *See Rollerson*, 196 S.W.3d at 807.

## 2. Possession Was Recent and Unexplained.

An explanation relating to the possession of the stolen property must be given by the defendant at the time of his arrest. *Hardesty v. State*, 656 S.W.2d at 77. Here, appellant failed to provide any explanation for possessing the stolen property.

Appellant suggests that the accused must first be asked about his possession of property at the time of the arrest for a court to hold that an accused's possession was unexplained. *See Markham*, 761 S.W.2d at 561. Yet, courts have held that an accused fails to provide an explanation of his possession when no explanation is given at the time of arrest, even if appellant was not directly asked about his possession. *See Chavez v. State*, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992) (reiterating the permissible inference of defendant's guilt if "the evidence shows him to have been found in possession of recently stolen property without offering an explanation inconsistent with guilt when first called upon directly *or circumstantially* to do so.") (emphasis added); *Reyes v. State*, 422 S.W.3d 18, 24–25 (Tex. App.—Waco 2013, pet. ref'd) (rejecting the argument that the State is required to give the defendant an opportunity to explain his possession of the stolen property prior to trial before it is relieved of the burden to show that defendant's trial explanation was false); *Marbles v. State*, 874 S.W.2d 225, 228 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (determining that appellant did not provide an explanation at the time of arrest because the defendant had already been arrested when the stolen property was discovered by police).

Appellant was found in possession of property that was reported stolen by Sue Crozier two weeks before appellant's arrest, and other property that was

reported stolen by Jocelyn Hebert on the same day as appellant's arrest. In determining whether the time period between the theft and the recovery of the stolen property was "recent" or "too remote" to allow an inference of guilt, courts have held periods of time greater than two weeks to be recent. *See Smith v. State*, 518 S.W.2d 823, 824–25 (Tex. Crim. App. 1975) (holding that time period of twenty-eight days was sufficiently recent); *Marbles*, 874 S.W.2d at 227 (holding that time period of two and one-half months to be sufficiently recent). We determine that appellant's possession of the stolen property was sufficiently recent to allow an inference of guilt.

Viewed in the light most favorable to the verdict, the State's evidence established that appellant's possession of the stolen property was personal, recent, unexplained, and involved a direct and conscious assertion of right to the property. *See Hardesty*, 656 S.W.2d at 77–78; *Uyamadu*, 359 S.W.3d at 760–61. Accordingly, the jury was permitted to draw an inference of guilt.

We overrule appellant's first issue.

## II. Legal Sufficiency of the Evidence to Support the Trial Court's Assessment of Court Costs

In his second issue, appellant contends that the trial court's assessment of court costs is not supported by sufficient evidence. As part of its judgment, entered November 29, 2012, the trial court assessed costs of $434 to be paid by appellant. The original clerk's record filed with this court contains a computer screen printout from the Harris County Justice Information Management System (JIMS) which reflects the assessment of $434 in costs. On December 10, 2012, the JIMS printout was signed by a deputy clerk and stamped with the seal of the Harris County District Clerk, certifying the printout as a true and correct copy of the original.

First, appellant contends that his constitutional right to due process has been

violated if he is deprived of an opportunity to be heard in the trial court regarding the propriety of these costs. This argument lacks merit under recent precedent from the Criminal Court of Appeals. *See Cardenas v. State*, 423 S.W.3d 396, 398–99 (Tex. Crim. App. 2014); *Johnson v. State*, 423 S.W.3d 385, 391–92 (Tex. Crim. App. 2014). Criminal defendants have constructive notice of mandatory-cost statutes. *Johnson*, 423 S.W.3d at 389. The procedures outlined in *Johnson* provide defendants with notice and an opportunity to be heard because: (1) appellants do not have to preserve error in the trial court; (2) appellants may challenge the assessment of court costs on direct appeal; and (3) appellants may also challenge the assessment of court costs by a motion under article 103.008 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 103.008; *Cardenas*, 423 S.W.3d at 399; *Johnson*, 423 S.W.3d at 391–92. Thus, appellant's due process right has been satisfied with respect to notice and an opportunity to be heard regarding the assessment of court costs. *See Cardenas*, 423 S.W.3d at 399; *Johnson*, 423 S.W.3d at 391–92.

Second, appellant objects to the JIMS computer screen printout, asserting that there is no evidence to support that it was part of the original record before the trial court, and, therefore, it is no evidence to support the imposition of court costs. Because court costs are not part of the defendant's guilt or sentence and need not be proven at trial, we review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine if there was sufficient evidence to the support the assessment of costs. *Johnson*, 423 S.W.3d at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id.*

The record in this case contains a cost bill from JIMS, certified by the district clerk of Harris County, which demonstrates the basis for an assessment of $424 in costs. The trial court's judgment assessed an additional $10 in costs. The

9

basis for the extra $10 is not demonstrated in the record or in the state's appellate brief.

We conclude that the trial court's assessment of costs does not accurately reflect the amount of costs for which there is a basis in the record. An appellate court may modify a trial court judgment to accurately reflect the record when it has the necessary data and information to do so. *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b); *Rogers v. State*, No. 14-12-00182-CR; 2014 WL 2158150 at *1 (Tex. App.— Houston [14th Dist.] May 22, 2014, no pet. h) (mem. op., not designated for publication). In accordance with the cost bill in the record, we reform the trial court's judgment to delete the additional $10 and to reflect court costs of $424.

## CONCLUSION

We modify the trial court's assessment of costs to $424 to reflect the cost bill contained in the record. As modified, the judgment of the trial court is affirmed. *See* Tex. R. App. P. 43.2(b).


/s/     Ken Wise
        Justice


Panel consists of Chief Justice Frost and Justices Jamison and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).