Treat, C. J. The plaintiff in error was convicted' on ana indictment for larceny. On the trial, the Court, at the instance; of the prosecution, instructed the jury that “possession of property, recently stolen, is prima facie evidence of the guilt of the' possessor, unless he shall make a satisfactory and uncontradictory account of how he obtained the possession.” The Court declined to give the following instruction, demanded by the prisoner : “ If the jury believe, from the evidence, that the defendant: bought the property, and paid for it in the city of Springfield, and' this pui’chase was open and public, unconnected with any suspicious circumstances of guilt, that is a satisfactory account off his possession of the property, and removes all presumption off guilt, growing out of his possession thereof.” The refusal to give • this instruction, is assigned for error. The instruction is subject to no just exception. It asserts a correct legal proposition, and the Court erred in refusing.it; It is manifest, from the circumstances of the case, that the refusal, of the Court, to give the instruction, may have materially prejú- • diced the prisoner. The Court had already in effect, instructed the jury that, if the property was found in the possession of the prisoner soon after it was stolen, a prima facie case was made; against him, and he was bound, in order to discharge himself, to show satisfactorily how he Obtained the possession. The instruction in question, supposed a state of case, which fully repelled any presumption arising from the mere fact that the property was found in the possession of the prisoner. It was based on the hypothesis that he had fairly acquired the property by purchase. If it came into his hands in that way, the ¡subsequent possession was entirely consistent with his innocence. The refusal of the Court to give the instruction, may have left the impression on the minds of the jury, that the facts indicated therein, if appearing in evidence, were not sufficient to overcome the presumption of guilt, resulting from the possession of the property. The judgment is reversed, and the cause remanded for further proceedings. Judgment reversed.