The State v. Taylor.

Affirmed.

---

## THE STATE v. TAYLOR.

1. **Criminal law: LARCENY OF LOST PROPERTY.** To constitute the finding and conversion of lost property larceny, under section 4242 of the Revision, such finding and conversion must have been by one *knowing* the owner thereof. Without this knowledge on the part of the finder the offense is incomplete.

2. —— **POSSESSION OF PROPERTY ALLEGED TO BE STOLEN:** *corpus delicti.* Before the usual presumption of guilt arising from the possession of stolen property will obtain, the larceny, the *corpus delicti,* must first be established.

*Appeal from Polk District Court.*

FRIDAY, JULY 3.

THE defendant was indicted and convicted at the February Term, 1867, of the District Court of Polk county, of grand larceny, and sentenced to the penitentiary for three years. From the judgment of the District Court he appeals.

*Phillips, Gatch & Phillips* for the appellant.

*H. O'Connor,* Attorney General, for the State.

BECK, J. — The indictment charges the prisoner with stealing a watch of the value of fifty dollars. The evidence discloses that the owner of the watch, at the time he supposed it to have been stolen, was in a state of intoxication, and was

1. CRIMINAL LAW: larceny of lost property.

from that cause lying in a condition of stupor in or near the street, from which place he was removed by an officer (the deputy marshal) to his own house. The prisoner assisted the officer to remove the intoxicated man, and was present when the officer took from his person a watch for the purpose of taking care of it and preventing its loss. But it seems that the man had with him another watch which, however, was not found by the officer in searching his person, and which, when the owner became sober, he discovered had been lost or stolen from him while intoxicated. This watch, within a day or two afterward, was sold by the prisoner to a jeweler. The prisoner made certain declarations to the effect that he had found the watch, which were proved at the trial. Other facts were given in evidence tending to establish his guilt, which are not necessary to be stated. The defense relied upon by the prisoner seems to have been that the watch was found by him, and not stolen from the owner.

Upon the trial, the court, among other instructions to the jury, gave the following: "If you should believe from the evidence that the said watch was dropped from the pocket of the owner and picked up by the defendant, and converted to his own use without the knowledge of the owner, it would be sufficient to charge him with larceny." This instruction is clearly erroneous. The finding and conversion of property without the knowlededge of the owner is not larceny. By section 4242 of the Revision, such finding and conversion by one *knowing* the owner is declared to be larceny and punishable as such. The instruction is erroneous in not being qualified in accordance with this section.

The possession of stolen property unexplained is *prima*

2. —— posses- *facie* evidence of the guilt of the one in whose sion of prop-
erty alleged to possession it is found soon after the larceny.
be stolen :
. *corpus delicti.* 1 Greenl. Ev. § 34. The third and fourth

instructions, being on the weight of possession as evidence of guilt, are erroneous in not conforming to the above rule, by omitting to state that the stealing, the *corpus delicti*, must be proved, in order to raise a presumption of guilt by the possession of the property of another.

On account of these errors, the judgment of the District Court is reversed, and the cause remanded for a new trial. It appears that the defendant is in confinement in the penitentiary pursuant to his sentence. He will be delivered into the custody of the sheriff of Polk county, by the warden of the penitentiary, upon a certified transcript of the judgment of this court being presented to that officer. The prisoner will be detained by the sheriff to await his trial, unless discharged upon bail, as provided by law.

Reversed.