## THE STATE v. WALKER.

1. **Criminal Law**: POSSESSION OF STOLEN PROPERTY. While the *recent* possession of stolen property, unaccounted for, is *prima facie* evidence of guilt, yet what constitutes "recent" possession must depend upon the nature of the goods stolen, and the circumstances of each particular case. The question is one of fact for the jury.

*Appeal from Keokuk District Court.*

THURSDAY, SEPTEMBER 23.

ON the 9th day of August, 1873, an indictment was presented against the defendant, for the crime of burglary. In August, 1874, on a trial before the court and a jury, he was found guilty and sentenced to three years' imprisonment in the penitentiary, and adjudged to pay the costs of prosecution. From this judgment he appeals to this court.

*Cloud & Broomhall,* for the appellant.

What is to be deemed *recent possession* depends largely upon the character of the property. No inflexible rule can be applied. It is not true that, if stolen articles are found in possession of the accused, this fact alone raises a strong presumption of guilt. (1 Am. Cr. Law, 6th Ed., 729–30; *Engleman v. The State,* 2 Ind., 29; 1 Leading Cr. Cases, 366–8; *The State v. Brady,* 27 Iowa, 128; *Doty v. The State,* 7 Blackfoot, 428–9.) Attempted escape is not proof of guilt. (1 Am. Cr. Law, § 714.) If the jury doubt whether or not an *alibi* has been established, defendant should be aquitted. (1 Leading Cr. Cases, 354.) He is entitled to acquittal because conviction could only follow the resolving of the doubts agaist him. (1 Leading Cr. Cases, 353–359–362, 707–708–744; *The State v. Collins,* 20 Iowa, 93–4; *The State v. Nash and Redout,* 7 Id., 347; *The State v. Reid,* 20 Id., 419.)

*M. E. Cutts, Attorney General,* for the state.

What is recent possession is a question of fact for the jury,

and depends upon the nature of the property and other circumstances. (*Price v. The State*, 21 Gratt, 846; *Engleman v. The State*, 2 Ind., 91; *Com. v. Montgomery*, 11 Met., 534; *The State v. Bennett*, 3 Brevard, 514; *Rex v. Partridge*, 7 C. & P., 551.) It is always competent to show possession to warrant a conviction, and where there has been a considerable lapse of time, other circumstances may raise a presumption strong enough to justify the verdict. (1 Phillip's Ev., 477; Cowen & Hill's Notes, Part, 1, 477; 2 Arch. Crim. Plead., 369, and authorities cited.) Possession of stolen goods without reasonable explanation is presumptive evidence of guilt. (*Com. v. Millard*, 1 Mass., 1; *People v. Turell*, 1 Wheeler's Cr. Cases, 34; *Belote v. State*, 36 Miss., 96; *State v. Weston*, 9 Conn., 526.) Proof of possession recently after the theft, throws upon the defendant the burden of showing how he came by the property, and if he fails to do so, warrants a conviction. (*Knickerbocker v. The People*, 43 N. Y., 177; *Unger v. State*, 42 Miss., 642; *State v. Turner*, 65 N. C., 592.)

MILLER, CH. J.—The court, among other instructions to the jury, charged as follows: " If you find that the store of the witnesses, S. E. & John Johnson, was burglariously entered, about the night of the 3d of February, 1873, and a large quantity and variety of goods' stolen therefrom, and that the following June, different portions and varieties of the same goods were found in the premises of the accused, and you further find that the defendant has been unable to give any reasonable explanation of how he came by such possession, then such facts should be regarded by the jury as raising a strong presumption that the defendant was himself guilty of feloniously taking the property."

This instruction is erroneous. The rule is well settled that the *recent* possession of stolen property, unaccounted for, is a strong presumption, or *prima facie* evidence, of guilt. *Warren v. The State*, 1 G. Greene, 106; *The State v. Taylor*, 25 Iowa, 273; *The State v. Brady*, 27 Id., 126; *Jones v. The People*, 12 Ill., 259; *Commonwealth v. Millard*, 1 Mass., 6; 3 Greenleaf's Ev., §§ 31, 32, 33.

What is to be deemed *recent* possession depends very much upon the character of the goods stolen. If they are such as pass readily from hand to hand, the possession, in order to raise a presumption of guilt, should be much more recent that than if they were of a class of property that circulated more slowly or is rarely transmitted. There may be cases where the possession is so long after the commission of the crime, that a court will refuse to submit the question to the jury—deciding as a matter of law, that the possession is not recent —but in all other cases the question is one of fact, to be submitted to the jury. See *Rex v. Partridge*, 7 Car. & P., 551; *The State v. Bennett*, 3 Brevard, 514; *The State v. Jones*, 3 Dev. & Bat., 122; *Rex v. Adams*, 3 Car. & Pa., 600; *Regina v. Cruttenden*, 6 Jurist, 267; *Commonwealth v. Montgomery*, 11 Met., 534; *Engleman v. The State*, 2 Ind., 91; *Price v. The State*, 846.

The instruction was erroneous, in that it directed the jury that, as a matter of law, proof of possession of part of the stolen goods four months after the commission of the crime was recent possession, from which a strong presumption of guilt arose, unless the possession was satisfactorily explained. The judgment must, therefore, be reversed, and a new trial ordered.

REVERSED.