THE STATE v. HESSIANS ET AL.

1. **Criminal Law**: LARCENY: RECENT POSSESSION.   An instruction in these
   words was held to be correct:   "When property recently stolen *is*
   found in the possession of any person, the burden of proof is upon
   such person to show how he came into the possession thereof ; and,
   unless he shows that he came honestly into possession of said prop-
   erty, the law will presume that he stole the same."

*Appeal from Webster District Court.*

TUESDAY, DECEMBER 10.

THE defendants were indicted, tried and convicted for the
larceny of a bull, the property of one John Kohl.

They appeal to this court for a reversal of the judgment
against them.

*Albert E. Clarke*, for appellants.

*John F. McJunkin, Attorney General*, and *M. D. O'Connell, District Attorney Ninth Judicial District*, for the State.

ROTHROCK, CH. J.—I.   It is first urged that a new trial should have been granted because the verdict was not supported by the evidence.   We have presented to us in print what is claimed to be the substance of the evidence only. Conceding this to be a full and accurate abstract, we cannot reverse upon this ground.   There is positive evidence that the animal found in the defendants' possession was the property of John Kohl.   It is true there are more witnesses who testify that it was the property of the defendants.   Here is a conflict which it was the province of the jury to determine, and we cannot say that they determined it incorrectly.   We have neither seen nor heard the witnesses, and have only the substance of their evidence.

Kohl lost his bull in September, 1876.   More than a year afterward he found the animal, now in controversy, in possession of the defendants.   It is insisted that there is no evidence that defendants are guilty of larceny, because it is not shown that the animal was stolen.   It is true this possession alone would not be so recent as to raise any presumption against the defendants, but G. M. Gardner, a witness for the State, testified as follows: "Lives on the road between Fort Dodge and the residence of defendants.   In September, 1876, saw defendants driving a bull answering the general description of the bull in question and a heifer along the road toward home.   Saw this bull, which Kohl took from defendants as his, at defendants' farm.   Defendants said they bought it of N. R. Jones."

Frank Ricter testified that "he had seen the bull taken from defendants by Kohl, as his, at defendants' farm last fall (1877).   They tried to trade me the bull for two cows.   John (one of the defendants) said they got him out on the Lizard."

Another witness testified that in September, 1876, just before the bull was stolen, he thought he saw one of the defendants with Kohl's cattle.

Upon the trial the defendants claimed that the bull in question was their own, and that they raised him from a calf. A brother of defendants testified that "it was born on our farm."

In view of this evidence we are not prepared to say that the jury were not justified in finding that the animal was stolen, and that he was found in defendants' possession while they were in the very act of driving him away.

II.   Objection is made to the fourth instruction given by the court to the jury.   It is in these words: "When property recently stolen is found in the possession of any person the burden of proof is upon such person to show how he came into the possession thereof, and unless he shows that he came honestly into the possession of said property the law will presume that he stole the same."

1. CRIMINAL law: larceny: recent possession.

It is argued that such possession is but a circumstance from which the jury are authorized to raise a presumption, in connection with other circumstances in the case, to weigh against the defendant, and that it is erroneous to say that the law presumes guilt from the possession unexplained.

The abstract and argument do not set out any of the instructions excepting the fourth paragraph above quoted. What there may have been explaining and qualifying that instruction we cannot determine.   The Attorney General, in his argument, refers to a part of the sixth instruction which states that "possession of stolen property unexplained is *prima facie* evidence of the guilt of one in whose possession it is found soon after the larceny."

The effect of the possession of property recently stolen is usually stated in very nearly the language of this sixth instruction.

It is in the exact language of this court in the *State v. Taylor*, 25 Iowa, 273. See 1 Greenleaf, § 34. In Wharton's Criminal Law, 648, it is said: "The possession of property recently stolen is *prima facie* evidence of guilt in the possessor of the property, but it may be satisfactorily accounted for, as that the accused purchased it in a public manner, unconnected with circumstances of guilt."

"*Prima facie* evidence of fact is in law sufficient to establish the fact unless rebutted." 2 Bouvier's Law Dictionary, 170.

The rule, then, as usually stated, is that such possession of the stolen property is sufficient to establish the larceny unless rebutted.

Now we do not understand the fourth paragraph of the instructions as being essentially different from this rule. When it is said that the burden of proof is upon the person in possession to show how he came into the possession, it is only another form of expression for saying that the possession is sufficient to convict unless rebutted; and when it is said that unless he shows such possession to be honest the law will presume that he stole the property, it is no more than saying that he must rebut the presumption arising from such possession. He need not rebut this presumption by independent evidence, and we do not understand this instruction to so hold. There may be facts and circumstances connected with the possession which rebut guilt, or it may be shown in evidence that he has such an unexceptionable reputation as an honest man as to lead the jury to believe, in the absence of other evidence of guilt, that he acquired the possession of the property honestly.

III. The fifth and sixth instructions given by the court to the jury are objected to because there was no evidence tending to establish any of the facts upon which said instructions were predicated.

These instructions are not set out in the abstract. Part

only of the sixth instruction is given, and that in the argument of the Attorney General.

We find no error in this record, and are united in the opinion that the judgment must be

AFFIRMED.