Raymond Warren HARDAGE, Appellant,

v.

The STATE of Texas, Appellee.

No. 53633.

Court of Criminal Appeals of Texas.

June 29, 1977.

---

Harold J. Laine, Jr., and Walter M. Sekaly, both court appointed, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for burglary of a habitation. Punishment was assessed by the jury at ninety-nine years.

In all six of appellant's grounds of error, attack is made on the sufficiency of the evidence to support the conviction.

Circumstantial evidence is relied upon for conviction, and the court instructed the jury on the law relative to same. The State argues that the conviction is supported by evidence placing appellant in unexplained possession of property recently stolen from the burglarized premises.

Mrs. Angelina Landry testified that as she was "driving up" to her house on 11th Street in Port Arthur on the morning of October 3, 1974, she noticed that "my air conditioner was pushed out of my window." Upon entry of the house, Mrs. Landry determined that the air conditioning unit was on the floor inside the house where it appeared to have been pushed by the burglar in gaining entry. "Things were scattered around" in the house, "drawers were pulled out of the dresser," and a closet door which was shut when she left home had been opened. Mrs. Landry determined that a .410 gauge shotgun and case, a thirty-thirty caliber Winchester and the case it was in, a Panasonic tape recorder and the light to go with it, "my little boy's eye glasses," and some coins were missing.

Subsequently, Mrs. Landry saw a picture of appellant in the paper, recognized him as a person she had seen "around the house"

and decided to go to the Port Arthur Police Department "to see if the stuff that he picked up—if any of the items recovered" by police might be items that belonged to her.

All items taken in the burglary with the exception of the coins were at the police station. Identifications were made of all articles taken except the "boy's glasses," which had been altered by removal of the nose pieces, the lenses and ear pieces. In spite of these changes, Mrs. Landry testified, "they looked like my boy's glasses." The serial number of the rifle was obtained from the store where it had been purchased and it matched the number on the rifle at the police station. The articles had been altered in some manner, pieces of red carpet had been placed on the tape player and light, the writing, "R.H. plus E.H." appeared on the tape player, the shotgun had been sawed off and the scope had been removed from the rifle. Despite these changes, Mrs. Landry positively identified all articles as having been taken from her home in the burglary except the eye glasses.

On May 19, 1975, police officers searched the premises located at 2323 12th Street in Port Arthur where appellant "lived—with his mother and his wife." Officer Wiley testified that appellant's mother let them in the house and "took us back to Raymond's [appellant's] room." Wiley stated that upon entry of the room, "we immediately saw a great deal of items in there. Four or five stereo sets, tape players and three, four, five television sets." Appellant and his wife were in the room. A .22 pistol was removed from appellant's pocket. All of the items identified by Mrs. Landry at the police station were found in appellant's room except the rifle, which was found in a car in the garage on the premises. The shotgun and case were found "underneath a chest of drawers" in appellant's room in a position where they were not visible. Appellant offered no explanation to officers regarding his possession of the items in question at the time of the search, nor did he offer any evidence at trial.

Despite the fact that appellant sets forth a number of grounds of error attacking the sufficiency of the evidence, a review of same reflects that his contentions can be narrowed to the argument that possession of stolen goods seven months after the articles were taken in a burglary does not constitute possession of "recently stolen property" and will not support a conviction.

■ Evidence that a house has been burglarized, together with defendant's unexplained possession of some of the property recently stolen from the house, is sufficient to support a conviction for burglary. *Hall v. State,* Tex.Cr.App., 490 S.W.2d 589; *Bernadett v. State,* 166 Tex.Cr.R. 621, 317 S.W.2d 747. While unexplained possession of recently stolen property is a circumstance of guilt, it is not conclusive. To be sufficient, the circumstances relied upon must not only be consistent with each other and with the guilt of the accused, but must exclude every other reasonable hypothesis except the guilt of the accused. *Ellard v. State,* Tex.Cr.App., 509 S.W.2d 622. In *Ellard,* the defendant was found in unexplained possession of stolen property nearly five months after it was stolen. This Court found that under the circumstances of the case the evidence was sufficient to support the conviction. In *Ellard,* it was noted that this Court had previously held as a matter of law that an inference of guilt sufficient to support convictions was not raised by possession of stolen property after a lapse of time ranging from three and one-half months up to several years. See 55 Tex. Jur.2d Theft, Sec. 217. In *Smith v. State,* Tex.Cr.App., 518 S.W.2d 823, we said that whether the stolen property possessed was so recently stolen to raise the presumption of guilt is a question to be determined by the circumstances of each case.

In *State v. Brightman,* 252 Iowa 1278, 110 N.W.2d 315 (1961), the Supreme Court of Iowa rejected defendant's contention that the finding of a stolen suit in his closet five

months after it had been taken was not too long to meet the test of "recent" possession. In *Brightman,* the court quoted from 52A C.J.S., Larceny, Sec. 106, where it is stated:

"Whether the interval of time between the larceny of the property and its possession by accused is sufficiently short or long to render the possession recent or remote depends on the facts of the particular case, including the character of the property stolen, the test of recency being: was the interval so short as to render it morally or reasonably certain that there could have been no intermediate change of possession."

The Iowa Supreme Court noted that in a very early case by that court, *State v. Walker,* 41 Iowa 217, it was stated:

"What is to be deemed recent possession depends very much upon the character of the goods stolen. If they are such as pass readily from hand to hand the possession, in order to raise a presumption of guilt should be much more recent than if they were of a class of property that circulated more slowly or is rarely transmitted. . . ."

We find the reasoning set forth in the authorities cited by the Iowa Supreme Court in *Brightman* to be sound and consistent with our holding in *Smith* and *Ellard* that whether the stolen property possessed was so recently stolen to raise the presumption of guilt is a question to be determined by the circumstances of each case.

In the instant case, six of the eight items found in appellant's possession were positively identified as having been taken in the burglary. A seventh item, a boy's eye glasses, was extremely altered, but nevertheless identified as looking like the glasses taken in the burglary. While any one or two of the items could have readily passed from one person to another, it is not as likely that the combination of the seven *items* herein would pass in that combination from the burglar to another person. While this is a significant circumstance, it is also noted that most of the articles taken had been altered in some manner, some of the items were concealed by appellant in his room, Mrs. Landry went to the police station after she saw appellant's picture in the paper and recognized him as a person she had seen around her house, and one of the items recovered from appellant had his initials on it.

Under the foregoing circumstances, we find that appellant's unexplained possession of the stolen articles seven months after the burglary was sufficiently "recent" to bring this case within the rule and support the conviction.

The judgment is affirmed.

Opinion approved by the Court.