IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-116-CR




ROBERT A. RODRIGUEZ,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 100,646, HONORABLE BOB PERKINS, JUDGE


 





 Following a joint trial, a jury found appellant and his co-defendant, Mauro
Martinez, guilty of burglary of a habitation. The court assessed appellant's punishment at
imprisonment for seventeen years.

 In two points of error, appellant urges that the district court erred by admitting
evidence of an extraneous offense and that the evidence is legally insufficient to sustain the
conviction. We will affirm.

 The Austin residence of James and Diana Gatzmeyer was burglarized on November
1, 1989. A large quantity of personal property was stolen, including cash, video equipment, rifles
and shotguns, jewelry, silver, and clothing. That same night and approximately one mile away,
the James and Wilma Sandberg residence also was burglarized. In addition to personal property
of the type stolen in the Gatzmeyer burglary, the intruder took a safe weighing approximately 260
pounds from the Sandbergs. 

 On December 4, 1989, a man named Chris Arnette contacted Austin police officer
Don Mayes and told him that property taken in these two burglaries could be found in a San
Antonio apartment. Based on this tip and information gathered during a subsequent investigation,
San Antonio police obtained a warrant to search this apartment, which they executed on December
7. The property seized during this search included between 75 and 150 items identified by the
Gatzmeyers and Sandbergs as having been stolen during the burglaries of their homes. Some of
the stolen items were in pillow cases identified as taken in the two burglaries and apparently used
to carry the stolen goods.

 The San Antonio apartment was rented by Mauro Martinez and occupied by
Martinez and appellant. There is evidence that a third man, Richard Guerra, may also have lived
there. Much of the stolen property was found in the bedroom of the apartment, the door of which
was secured by a deadbolt lock. Appellant had the key to this lock.

 The indictment in this cause was based on the Gatzmeyer burglary. In one point
of error, appellant contends the evidence is legally insufficient to sustain his conviction for this
offense. In his other point of error, appellant argues that the district court erred by admitting
evidence of the Sandberg burglary "because no proof existed that appellant committed the
extraneous offense." The court admitted the extraneous-offense evidence for the purpose of
showing identity, intent, and common plan, and so instructed the jury. See Tex. R. Crim. Evid.
Ann. 404(b) (Pamph. 1992). (1) Of course, the evidence was relevant only if it was shown that
appellant was the perpetrator. Elkins v. State, 647 S.W.2d 663, 665 n.3 (Tex. Crim. App. 1983). 
Because the two points of error are interrelated, we will consider them together.

 The Gatzmeyer and Sandberg burglaries occurred on the same night, a short
distance from each other. One month later, a large amount of the property taken from each house
was found in an apartment occupied by appellant. Although appellant was not the only occupant
of the apartment, much of the stolen property was found in a locked bedroom to which only
appellant was shown to have a key. The only evidence that anyone else had access to this room
was Martinez's wallet, which was found in the bedroom closet.

 In a prosecution for burglary, guilt may be inferred from evidence of the burglary
together with the defendant's possession of the stolen property. Hardage v. State, 552 S.W.2d
837, 839 (Tex. Crim. App. 1977); England v. State, 727 S.W.2d 810, 811 (Tex. App. 1987, no
pet.). To support such an inference, however, the defendant's possession must be personal,
recent, unexplained, and must involve a distinct and conscious assertion of right to the stolen
property. England, 727 S.W.2d at 811. Appellant argues that none of these criteria is present
in this cause, either as to the property stolen in the primary burglary or as to that taken in the
extraneous offense.

 Appellant argues that his possession of the stolen property was not personal because
two other men shared the apartment in which it was found. But most of the stolen property was
found in a locked room to which appellant had the only key shown by this record to exist. This
evidence demonstrates both appellant's personal possession of the stolen property and his distinct
and conscious assertion of a right to the property, and is inconsistent with a claim that Martinez
and Guerra had an equal right and facility of access to the stolen goods. See Id. at 811.

 A defendant's possession of stolen property need not be exclusive in order to be
personal. For example, the evidence may demonstrate a joint enterprise or conspiracy between
the accused and others with access to the property. Id. at 812. Given the amount of property
stolen during the two burglaries and the weight of the safe taken from the Sandberg residence, it
is unlikely that one person alone committed the offenses. To the extent that the evidence suggests
that Martinez and Guerra also had possession of the stolen property, it does not, under the
circumstances, negate appellant's culpability for the crimes.

 Appellant argues that his possession of the stolen property was not recent because
the search of his apartment took place over a month after the burglaries. Whether the property
was so recently stolen as to support an inference of guilt is a question to be determined by the
circumstances of each case. Hardage, 552 S.W.2d at 840. If appellant had been shown to be in
possession of only a few items of easily transferred property, his argument would have some
merit. But the evidence shows that appellant was in possession of scores of items stolen from the
Gatzmeyers and the Sandbergs. Some of this property was still in the pillow cases in which it
presumably was taken. We find the evidence sufficient to render it reasonably certain that there
was no intermediate change of possession.

 Finally, appellant argues that his possession of the stolen property was not
unexplained. In his brief, appellant refers us to defense counsel's cross-examination of a San
Antonio police officer, during which the officer indicated that Martinez told him on the day he
was arrested that the stolen goods were brought to the apartment by Chris Arnette (the informer). 
During the State's redirect questioning of this officer, however, he reexamined his offense report
and testified that Martinez told him that appellant brought the stolen property to the apartment. 
Thus, Martinez's explanation for how the stolen property came to be in the apartment did not
exculpate appellant.

 We find that the circumstantial evidence in this cause, when viewed in the light
most favorable to the conviction, does not support any reasonable hypothesis inconsistent with
appellant's guilt, and that the evidence is sufficient to support the jury's finding of guilt beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991). We also find that the evidence is sufficient to demonstrate
appellant's guilt of the extraneous burglary and overrule appellant's point of error complaining
of the introduction of the extraneous offense on this basis. (2)

 The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: August 12, 1992

[Do Not Publish]
1. Appellant does not challenge the stated bases for the trial court's admission of the
extraneous-offense evidence.
2. In this same point of error, appellant briefly asserts that the probative value of the extraneous
offense was outweighed by the danger of unfair prejudice. Tex. R. Crim. Evid. Ann. 403
(Pamph. 1992). We do not address this contention as it was not preserved by trial objection. 
Montgomery v. State, 810 S.W.2d 372, 388-89 (Tex. Crim. App. 1991) (opinion on rehearing).