IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-423-CR




LADMIRO ESPINAL LAZO,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT



NO. CR-92-594, HONORABLE FRED A. MOORE, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of burglary of a habitation. Tex. Penal Code Ann.
§ 30.02 (West 1989). The district court assessed punishment at imprisonment for ten years, but
suspended imposition of sentence and placed appellant on probation. 

 Elizabeth Koberg, a student teacher at Buda Intermediate School, was supervising
the children on the playground at noon on October 7, 1992. She saw an old, blue, two-door car
occupied by two Hispanic men slowly drive past the school building on the campus drive. Shortly
after this, two girls approached Koberg and told her that one of the men got out of the car and ran
toward them. Koberg and the girls reported the incident to Koberg's supervisor, who called the
police.

 Constable James Kohler responded to the dispatcher's report of this incident. He
found a car matching the description of the suspect vehicle a short distance from the school. As
he began to follow this car, Kohler noticed that the driver slowed down considerably--to
approximately twenty miles-per-hour on a road with a speed limit of fifty-five miles-per-hour. 
Kohler testified that he stopped the suspect car, which was driven by appellant, because it was
impeding the normal flow of traffic. Tex. Rev. Civ. Stat. Ann. art. 6701d, § 170(a) (West 1977). 
Appellant did not have proof of insurance and his driver's license had an incorrect address. 
Another officer brought Koberg to the scene and she identified appellant and his companion,
Aaron Mejia, as the men she saw at the school. 

 Appellant's car was a hatchback, with the back seat folded down. A shotgun, a
rifle, a television, a vacuum cleaner, a video game machine, and packages of meat that appeared
to be frozen were visible through the car's windows. Jewelry and a microwave oven were also
discovered in the car during a search pursuant to appellant's written consent. Appellant told the
officers that he and Mejia found this property on the side of the road, but also admitted knowing
that the property was stolen. 

 Appellant's first point of error is that the district court erred by overruling his
motion to suppress the evidence found during the search of his car. Appellant argues that the
initial detention was neither a valid traffic stop nor a valid investigative detention, but was instead
an unlawful arrest without probable cause. 

 A police officer may detain a person for investigation if, based on the totality of
the circumstances, the officer has a particularized and objective basis for suspecting the person
stopped of criminal activity. United States v. Cortez, 449 U.S. 411 (1981). In order to justify
the intrusion, the officer must have specific and articulable facts which, in light of his experience
and personal knowledge, together with other inferences from those facts, reasonably warrant the
intrusion for further investigation. Johnson v. State, 658 S.W.2d 623, 626 (Tex. Crim. App.
1983). 

 In this cause, Kohler was acting on the basis of the reported incident at the school. 
Appellant argues that this information was not reliable because it was anonymous. To the
contrary, however, the report was shown to have come from the student teacher, Elizabeth
Koberg. The two children who described to Koberg the activities of the man who got out of the
car are also named in the record. Appellant's argument that the report was anonymous because
Koberg's supervisor and the police dispatcher were not identified is without merit.

 Appellant, his car, and his companion matched the description of the men and car
seen at the nearby school minutes before the stop. One of the men had reportedly gotten out of
the car at the school and chased one or more children. When the constable's vehicle was seen by
appellant, he slowed his car to an unusually slow speed. We believe that these circumstances
reasonably warranted appellant's detention for further investigation. The initial stop of appellant's
car can also be upheld on the basis of the observed traffic violation. That the officer's primary
motive for stopping appellant might have been his desire to investigate the reported disturbance
at the school does not render the traffic stop unlawful. Garcia v. State, 827 S.W.2d 937, 943
(Tex. Crim. App. 1992). The discovery of the property in appellant's car and his admission that
the property was stolen gave the officers probable cause to arrest. Point of error one is overruled.

 In his second point of error, appellant contends the evidence is legally insufficient
to sustain the verdict. In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). James
Moore testified that his residence is located approximately two miles from the Buda Intermediate
School. On October 7, 1992, someone entered his residence without permission and stole
numerous items of personal property. Moore identified the goods found in appellant's car as the
property taken from his residence during the burglary.

 In a prosecution for burglary, guilt may be inferred from evidence of the burglary
together with the defendant's possession of the stolen property. Hardage v. State, 552 S.W.2d
837, 839 (Tex. Crim. App. 1977). To support such an inference, the defendant's possession of
the stolen property must be personal, recent, unexplained, and must involve a distinct and
conscious assertion of right to the property. England v. State, 727 S.W.2d 810, 811 (Tex.
App.--Austin 1987, no pet.). In this cause, the fact of the burglary and appellant's personal
possession of the recently stolen property are undisputed. When asked where he got the property,
appellant said that he and Mejia found it on the side of the road and admitted knowing that the
property was stolen. Mejia, on the other hand, told the officers that he purchased the property
from two men in Austin. At trial, Mejia testified that he met these two unnamed men in Austin,
but took possession of the property at a house in Buda.

 Whether appellant's explanation for his possession of the stolen property was
reasonable was a question for the jury. Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App.
1977). Given the inherent implausibility of appellant's story and the existence of Mejia's
contradictory explanation, the jury could rationally conclude that appellant's explanation for his
possession of the stolen property was untrue. See Callahan v. State, 502 S.W.2d 3, 7 (Tex.
Crim. App. 1973) (falsity of defendant's explanation may be shown circumstantially). Point of
error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: May 18, 1994

Do Not Publish