TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00441-CR







Johnny Ray Martinez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 43,832, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of burglary of a habitation. Penal Code, 63d Leg.,
R.S., ch. 399, sec. 1, § 30.02, 1973 Tex. Gen. Laws 883, 926 (Tex. Penal Code Ann. § 30.02,
since amended). The district court assessed punishment, enhanced by a previous felony
conviction, at imprisonment for forty years.

 On October 20, 1993, Penny Lee Wheeler's residence in Temple was burglarized. 
A video cassette recorder (VCR) and a microwave oven were stolen. On the same day, a man
named Johnny Ray Martinez sold a VCR and microwave oven to his landlady, Annie R. Ellis, for
$90. When Ellis read about the Wheeler burglary in the newspaper, she called the police. 
Wheeler later identified the VCR and microwave purchased by Ellis as the property stolen from
her home.

 Ellis was unable to identify appellant in court as the Johnny Ray Martinez to whom
she rented an apartment in October 1993 and from whom she purchased the stolen property. But
Barbara Bachhofer, Ellis's assistant manager, did identify appellant as the Johnny Ray Martinez
who rented the apartment. The State also introduced in evidence the rental application signed by
Johnny Ray Martinez and Ellis's cancelled check for $90 bearing the endorsement of Johnny Ray
Martinez. Ellis testified that the two signatures appear to be identical, a fact that is confirmed by
an examination of the record. In addition, the driver's license number above the endorsement was
shown to belong to appellant.

 Appellant contends the evidence is legally insufficient to sustain his conviction. 
In a prosecution for burglary, guilt may be inferred from evidence of the burglary together with
the defendant's possession of the stolen property. Hardage v. State, 552 S.W.2d 837, 839 (Tex.
Crim. App. 1977). In this cause, the fact of the burglary is undisputed. Appellant's contention
is that he was not shown to be the person who sold the stolen property to Ellis. We disagree. 
Ellis testified that a man named Johnny Ray Martinez rented an apartment from her in October
1993. Bachhofer, Ellis's assistant, identified appellant as that Johnny Ray Martinez. Ellis further
testified that on October 20, 1993, the Johnny Ray Martinez who rented the apartment sold her
the property stolen that day in the Wheeler burglary. Together, the testimony of Ellis and
Bachhofer is sufficient to establish appellant's possession of the recently stolen property.

 Further confirmation of appellant's identity as the burglar is provided by the
endorsement on the check Ellis gave the man who sold her the stolen property. Appellant's
driver's license number appears above the endorsement. In addition, the endorsement appears to
be identical to appellant's signature on the rental application. Appellant argues that a handwriting
comparison cannot be used to prove any fact other than the identity of the handwriting. Cain v.
State, 468 S.W.2d 856, 859 (Tex. Crim. App. 1971). This may be true, but the identity of the
handwriting on the two documents is itself a fact that tends to demonstrate that appellant was the
man who sold Ellis the stolen property.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Under this
standard, the circumstantial evidence in this cause is sufficient to support the jury's verdict. Point
of error five is overruled.

 The prosecutor asked Ellis if the man who sold her the stolen property "claim[ed]
that those items belonged to him?" While defense counsel was voicing a hearsay objection, Ellis
answered, "Yes, he did." The court sustained the objection but, having failed to hear the witness
answer the question, refused appellant's request for an instruction to disregard. Later, Ellis was
asked by the prosecutor if the man who sold her the stolen goods "claim[ed] that was his property
that he was entitled to sell?" This time, appellant's hearsay objection was overruled. In point of
error one, appellant complains of the district court's failure to instruct the jury to disregard
hearsay testimony to which appellant successfully objected. In point of error two, appellant
contends the court erred by overruling his hearsay objection.

 Hearsay is an out-of-court statement offered in evidence to prove the truth of the
matter asserted. Tex. R. Crim. Evid. 801(d). The State did not offer the statement in question
to prove that the VCR and microwave oven purchased by Ellis belonged to appellant. Instead,
the State sought to prove only that appellant asserted a right to the property. See England v.
State, 727 S.W.2d 810, 811 (Tex. App.--Austin 1987, no pet.) (to support inference of guilt,
defendant's possession of stolen property must involve distinct and conscious assertion of right
to property). Because the relevance of the out-of-court statement lay in the fact it was made, and
because the statement was not offered to prove the truth of the matter asserted, the statement was
not hearsay. Points of error one and two are overruled.

 Appellant complains next that Ellis's testimony comparing appellant's signature on
the rental application and the endorsement on the check violated article 38.27 of the Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 38.27 (West 1979). Article 38.27
provides that it is competent to give evidence of handwriting by comparison, made by experts or
by the jury. Appellant contends that Ellis should not have been permitted to testify that the two
signatures appeared to be identical because she was not shown to be a handwriting expert.

 Both the rental application and the cancelled check were admitted in evidence. 
Thus, the jury was able to compare the two signatures and draw its own conclusion whether they
were written by the same hand. In addition, the State introduced in evidence the booking sheet
prepared following appellant's arrest. This document bears appellant's signature. The arresting
officer testified without objection that "there's lots of similarities" in the signatures of Johnny Ray
Martinez on the rental application, on the cancelled check, and on the booking sheet. Under the
circumstances, we conclude that if the district court erred by permitting Ellis to state her opinion
regarding the similarity of the signatures, the error was harmless beyond a reasonable doubt. 
Tex. R. App. P. 81(b)(2). Point of error three is overruled.

 Finally, appellant contends the prosecutor commented on his failure to testify
during jury argument. The remark in question was: "You didn't hear him call a single witness,
did you? Every single witness I either called or I went out in the hall and got them. Everything
you've heard has been brought to -- been brought to you by the State." The district court did not
rule on appellant's objection, but did remind the jury of the instruction not to consider appellant's
failure to testify as a circumstance against him.

 During his argument, defense counsel pointed to several alleged omissions in the
State's proof, including the failure to call a handwriting expert to compare appellant's signature
with the endorsement on the cancelled check. The prosecutor was entitled to respond to this
argument. As a general rule, the State may comment on the failure of a defendant to call
competent and material witnesses. Carrillo v. State, 566 S.W.2d 902, 912 (Tex. Crim. App.
1978). At worst, the prosecutor's argument was an indirect allusion that might be understood to
refer to appellant's failure to testify. See Wright v. State, 582 S.W.2d 845, 847 (Tex. Crim. App.
1979) (indirect allusion to failure to testify does not require reversal). Given the district court's
prompt instruction not to consider appellant's failure to testify, reversible error is not presented. 
Point of error four is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 29, 1995

Do Not Publish