NUMBER 13-06-133-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


DERRICK GOMEZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Yañez


 


 A jury convicted appellant, Derrick Gomez, of burglary of a habitation. (1) The trial
court assessed his punishment at thirty years' imprisonment and a $500 fine as a habitual
offender. (2) Appellant presents three issues on appeal. In issues one and three, appellant
asserts that his conviction should be reversed and rendered because the evidence is
legally insufficient to support his conviction and because the State failed to disprove his
reasonable explanation for possessing the victim's stolen property. In his second issue,
appellant contends the trial court erred in imposing the $500 fine. Because we agree that
the court erred in assessing a fine in this case, we modify the judgment to delete the fine. 
As modified, we affirm the trial court's judgment.

I. Factual Background

 The evidence at trial showed that, on July 16, 2005, a guitar and an amplifier were
stolen from Devin Odvody's home. Odvody provided law enforcement with the serial
numbers for the two missing items. The evidence further revealed that appellant pawned
these items at Cash America less than two hours after the burglary; the items contained
serial numbers that matched those that Odvody had previously provided to law
enforcement. Odvody testified that he did not give appellant permission to enter his home
and take his guitar and amplifier. Employees at Cash America testified that appellant was
accompanied only by a woman, who they recognized as being either his girlfriend or wife,
when he pawned the items.

 Other than appellant's possession of the stolen property, no other evidence tied
appellant to the burglary of Odvody's home. Maria Zuniga, who identified herself as
appellant's girlfriend, testified on appellant's behalf. Zuniga stated that while appellant did
pawn the stolen items, he did so only after receiving them from two individuals. According
to Zuniga, she witnessed these individuals ask appellant if he would pawn the items for
them because they lacked the identification needed to pawn the items themselves. Zuniga
then accompanied appellant to Cash America where he pawned the items.

II. Issues One & Three: Errors as to Conviction

1. Applicable Law

 In reviewing a challenge to the legal sufficiency of the evidence, we examine the
evidence in the light most favorable to the verdict, and determine whether any rational trier
of fact could have found the essential elements of the offense beyond a reasonable doubt. (3) 
In making this determination, the reviewing court considers all the evidence admitted
including improperly admitted evidence. (4) Questions concerning the credibility of witnesses
and the weight to be given their testimony are to be resolved by the trier of fact. (5)

 "A defendant's unexplained possession of property recently stolen in a burglary
permits an inference that the defendant is the one who committed the burglary." (6) If the
defendant offers an explanation of his possession of the stolen property, the record must
demonstrate the account is false or unreasonable. (7) Whether a defendant's explanation
for possession of recently stolen property is true or reasonable is a question of fact to be
resolved by the fact finder. (8) Such an explanation by the defendant must be made when
first called upon directly or circumstantially to do so, which could include the time of his
arrest. (9) The State is not required to refute an explanation made for the first time at trial. (10) 
Furthermore, the "unexplained possession of recently stolen property" rule applies when
the possession is of only part or some of the stolen property. (11)

2. Analysis 

 Two employees of Cash America and appellant's witness, Zuniga, all identified
appellant as being the individual who pawned the stolen items. The pawn ticket that
appellant signed, which was submitted into evidence, stated that the signor warranted that
he had "good title" over the items, and that their transfer was "rightful." The signing of the
pawn ticket thus constituted a conscious assertion of a right to the property. Although
appellant claimed that two other men had Odvody's property and had asked him to pawn
it for them, the Cash America employees testified that no males were with appellant during
the entire time he was at the pawn shop. The State was not required to refute appellant's
claim because appellant apparently raised this defense for the first time at trial, and
because appellant possessed all of the stolen property and not just part of it. We thus
conclude that the evidence is legally sufficient to support appellant's burglary of a
habitation conviction; accordingly, appellant's issues one and three are overruled.

III. Issue Two: Error as to Punishment

 In his second issue, appellant asserts, and the State agrees, that the trial court
improperly imposed a $500 fine against him; therefore, the fine should be deleted from the
judgment. Though the trial court's written sentence states that appellant's burglary
constituted a first degree felony, the evidence before us clearly shows that his offense, in
actuality, constituted a second degree felony. (12) As a result, appellant's punishment was
to be assessed according to subsection (d) of section 12.42 of the penal code (imposing
a term of imprisonment ranging between 25-99 years) as opposed to subsection (c)
(imposing a term of imprisonment ranging between 15-99 years and a fine not to exceed
$10,000). (13) The trial court appears to have merged the punishments provided by
subsections (c) and (d), announcing at appellant's sentencing hearing that appellant was
subject to 25-99 years in prison and a fine up to $10,000.

 This Court has the power to modify incorrect judgments when we have the
necessary data and information to do so. (14) Because the data and information before us
clearly shows that appellant's punishment was to be assessed in accordance with section
12.42(d) of the penal code, we find that the trial court's judgment contains a $500 fine that
is not authorized by statute. Accordingly, we modify the trial court's judgment to delete the
$500 fine.

IV. Conclusion

 The trial court's judgment is hereby modified to exclude the $500 fine. The trial
court's decision is affirmed as modified.

 


 

 LINDA REYNA YAÑEZ,

 Justice






Do not publish. Tex. R. App. P. 47.2(b).


Memorandum opinion delivered and filed 

this the 16th day of August, 2007.

1. Tex. Penal Code. Ann. § 30.02(a)(1) (Vernon 2003).
2. Id. at § 12.42(d) (Vernon Supp. 2006).
3. Lane v. State, 151 S.W.3d 188, 191-92 (Tex. Crim. App. 2004).
4. Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).
5. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App. 1998).
6. Poncio v. State, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006).
7. Adams v. State, 552 S.W.2d 812, 815 (Tex. Crim. App. 1977).
8. Dixon v. State, 43 S.W.3d 548, 552 (Tex. App.-Texarkana 2001, no pet.).
9. See Chavez v. State, 843 S.W.2d 586, 587 (Tex. Crim. App. 1992).
10. Espinosa v. State, 463 S.W.2d 8, 10 (Tex. Crim. App. 1971); Smith v. State, 754 S.W.2d 414, 416
(Tex. App.-Corpus Christi 1988, no pet.).
11. See Hardage v. State, 552 S.W.2d 837, 839 (Tex. Crim. App. 1977).
12. Burglary is only a first degree felony if a party enters a "habitation with intent to commit a felony
other than felony theft or committed or attempted to commit a felony other than felony theft." Tex. Penal Code
Ann. § 30.02. The elements constituting first degree felony burglary were never alleged by the State.
13. Tex. Penal Code. Ann. § 12.42(c), (d) (Vernon Supp. 2006).
14. Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).